IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHNY LEE MALAER,                                     Case No. 1:20-cv-00049-CL

           Plaintiff,

v.

                                                      ORDER

SGT. GEOFFERY KIRKPATRICK, *et al*,

           Defendants,

---

CLARKE, Magistrate Judge

Plaintiff brings this action under Section 1983 for violations of his civil rights arising out of an incident with Medford Police officers when he was waiting for a bus in downtown Medford, Oregon. His claims include one for false arrest. Defendants move to stay the case based on the *Younger* Abstention Doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). For the reasons below, the motion (#24) is GRANTED.

"*Younger* holds that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). *Younger* and its progeny are based on the interests of comity,

Page 1 – ORDER

federalism, and economy that counsel federal courts to maintain respect for state functions and not unduly interfere with certain ongoing state proceedings. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans* ("*NOPSI*"), 491 U.S. 350, 367–68 (1989). Under *Younger*, "a federal court must apply a multi-part test to determine whether it should decline to exercise its jurisdiction." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016). In a federal "action for damages pursuant to 42 U.S.C. § 1983," *Younger* principles apply when the plaintiff: "brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding." *Id.* (quoting *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004)). *Younger* abstention applies where there are ongoing state criminal proceedings. *NOPSI*, 491 U.S. at 368.

A federal district court that abstains under *Younger* from hearing a federal plaintiff's § 1983 claim should stay the federal proceedings, not dismiss them. *Gilbertson*, 381 F.3d at 982 (holding that "the correct disposition is to defer—not to dismiss—when damages are at issue" in a § 1983 claim). *See also Wallace*, 549 U.S. at 393–94 ("If a plaintiff files a false-arrest claim before he has been convicted[,] ... it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996) ("[W]hile we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions."). In *Gilbertson*, the Ninth Circuit explained the rationale behind this rule. Staying the federal case until the state court criminal case is no longer pending:

> allows the federal plaintiff an opportunity to pursue constitutional challenges in the state proceeding (assuming, of course, that such an opportunity is available under state law), and the state an opportunity to pass on those constitutional issues in the context of its own procedures, while still preserving the federal plaintiff's opportunity to pursue compensation in the forum of his choice. In this way, neither the federal plaintiff's right to seek damages for constitutional violations nor the state's interest in its own system is frustrated.

381 F.3d at 981.

Applying the *Younger* abstention doctrine principles, the Court concludes that abstention is appropriate here. First, the record shows and Plaintiff does not dispute that his underlying criminal charges arising out of the incident remain pending in state court. Second, the state proceeding is of a judicial nature, implicating important state interests. *See, e.g., Smith v. City of Dalles*, No. 6:16-CV-01771-SI, 2017 WL 2642968, at *5 (D. Or. June 19, 2017) (citing *Whitton v. Mortimer*, 2016 WL 3179462, *3 (D. Nev. Apr. 28, 2016), report and recommendation adopted, 2016 WL 3176573 (D. Nev. June 3, 2016) (noting that "[c]ourts have uniformly held that states ... have an important interest in enforcing their criminal laws, free from federal interference"). *See also Moore v. Sims*, 442 U.S. 415, 423 (1979) (explaining that *Younger* was first articulated with reference to state criminal proceedings).

Third, Plaintiff has not argued that he cannot present his federal claim in the state proceedings. *See Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (holding that the burden to prove that a federal plaintiff cannot present his or her federal claim in the state proceedings rests on the federal plaintiff). At most, Plaintiff has argued that his appointed public defenders have been less than satisfactory,[1] and he believes the video footage of his incident with officers was not properly

---

[1] Plaintiff's contention that his public defender's communication with counsel for the City of Medford, Eric Mitton, was a violation of his due process, is not well taken. The Court finds nothing improper in such communication and declines to entertain Plaintiff's request that defense counsel recuse himself. The request is denied.

discovered at the beginning of his case. He believes that this failure indicates that the footage has been tampered with, but he cannot point to any actual evidence to support this belief. In any case, it does not appear that Plaintiff would be barred from litigating his federal constitutional issues in the state court proceedings. *See, e.g., Denucci v. Henningsen*, 248 Or. App. 59, 70–76 (2012) (adjudicating appeal from Oregon state trial court's resolution of appellant's § 1983 false arrest claim); *Ross v. City of Eugene*, 151 Or. App. 656, 661 n.1 (1997) (resolving appellant's state law-based false arrest claims and noting that the trial court below "returned a verdict in favor of defendant on the Section 1983 claims"). *See also Holdner v. Coba*, 2011 WL 2633165, *6 (D. Or. July 5, 2011) (citing *Pennzoil*, 481 U.S. at 15, for the "general rule" that "absent unambiguous authority to the contrary, state court proceedings are presumed adequate to present federal claims") (quotation marks omitted).

Because the relevant factors weigh in favor of abstention, the Court concludes that abstention is appropriate. Plaintiff seeks only damages (which are not available to Plaintiff in defense of his criminal charges in the state proceeding); therefore, the Court concludes that it is appropriate to stay this action. Staying the entire action, rather than just the false arrest claim, is in the interests of justice and judicial efficiency, as well as the resources of the parties.

## ORDER

Defendants' motion (#24) is GRANTED. This case is hereby stayed. The parties shall each submit a written Status Report to the Court six months from now, or sooner if necessary, to provide an update regarding the state court proceedings.

It is so ORDERED and DATED this 1st day of April, 2020.

/s/ Mark D. Clarke
MARK D. CLARKE
United States Magistrate Judge