IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN LEE MALAER,

Plaintiff,

v.

SGT. GEOFFREY KIRKPATRICK, et al,

Defendants.

Case No. 1:20-cv-00049-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

This is a civil rights case arising out of Plaintiff's encounter with law enforcement on July 11, 2019. Full consent to magistrate jurisdiction was entered on August 16, 2021 (dkt. #56).

The case comes before the Court on Plaintiff's motion for leave to file an amended complaint and reopen discovery. After consideration of the parties' respective positions, Plaintiff's motions (#120, 121) are GRANTED. Plaintiff shall file a clean copy of the Amended Complaint by October 7, 2022.

///

Discovery shall be re-opened on a limited basis and new case deadlines set for filing dispositive motions. The parties shall confer regarding the discovery necessary in light of the Amended Complaint, and they shall file a Joint Status Report by October 7, 2022, informing the Court of their plan for discovery and any disputes they have not been able to resolve. That JSR should include a proposed case schedule, including a close of discovery, and a date for filing dispositive motions. At the same conferral meeting, parties shall confer regarding publicity of this case and contacts with the media. An update on this issue, and any disputes between the parties that they cannot resolve should be included in the October 7th JSR.

The defendants' long-pending motions for summary judgment (#78, #83) are denied as moot, without prejudice and with leave to refile after discovery is complete. Defendants' joint motion to strike (#137) is denied.

Additionally, because the Plaintiff is given leave to amend in this case, Plaintiff's motion to consolidate this case with *Malaer II*, 1:22-cv-00947-CL, (#118) is also denied as moot. The Court expects Plaintiff to file a motion to voluntarily dismiss the overlapping defendants from *Malaer II* within the next 30 days.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Rule 15(a) creates a liberal policy in favor of granting leave to amend "so that matters may be decided on merit rather than 'bare pleadings.'" *Heffington v. Gordon*, No. 3:16-cv-02079- AC, 2017 U.S. Dist. LEXIS 119425, *2 (D. Or. July 28, 2017) citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In determining whether leave to amend is appropriate, the court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser*

*Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Of all the factors, it is "the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In evaluating prejudice, courts often consider whether "relevant deadlines would have to be continued as a result of the new pleading, the stage of discovery at the time of the amendment, the extent to which additional discovery would have to be conducted and the degree to which amendment may delay the proceedings." *Imblum v. Code Corp.*, 2017 WL 3594569, at *3 (S.D. Cal. Aug. 21, 2017). "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under rule 15(a) in favor of granting leave to amend." *Knight v. Curry Health Dist.*, No. 1:15-CV-01851-CL, 2016 WL 5719686, at *1 (D. Or. Sept. 29, 2016) (citing *Eminence Capital, LLC*, 316 F.3d at 1052).

Additionally, Rule 15(c) provides that an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

## PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on January 9, 2020, as a self-represented litigant. At Plaintiff's request, the Court attempted to appoint pro bono counsel to assist Plaintiff with his lawsuit, but that attempt was unsuccessful (*see* dkt. ## 15, 16, 23). Shortly thereafter, the City of Medford defendants moved to stay the case pending the outcome of Plaintiff's related criminal proceedings. That motion was granted, and the case was stayed from April 1, 2020, to July 14, 2021. After the stay was lifted, several telephonic status conferences were held in the Summer and Fall of 2021 as the Court attempted to assist Plaintiff with his prosecution of the case and his pursuit of the appropriate discovery. Plaintiff continued to dispute the defendants' assertions that Plaintiff was being provided with all of the discovery that was in existence. Lacking the resources and technical knowledge to properly articulate and assert his discovery issues, however, most of Plaintiff's motions on discovery and amendment were denied.

On January 18, 2022, the County defendants and the City defendants each filed a motion for summary judgment (#78, #83). Several motions to extend the time to respond and reply to these motions were granted, and then, shortly after the motions were briefed, a Notice of Appearance was filed by Plaintiff's counsel. A 60-day stay was entered so that Plaintiff's counsel could review the case and get caught up. Through counsel, Plaintiff has now filed a motion to consolidate (#118), a motion to file an amended complaint (#120) and a motion for extension of deadlines and to re-open discovery (#121). The defendants oppose these motions.

## DISCUSSION

Both sets of defendants object to Plaintiff amending his complaint and to re-opening discovery. As to amendment, the defendants argue that the claims to be added are untimely, would prejudice the defendants, and would be futile. First, the Court considers the amendments

timely. While the Oregon state laws on equitable tolling are less than clear, other Courts in this district have applied equitable tolling in cases similar to this. *See, e.g., Monical v. Marion County*, 2021 WL 228891 (D.Or.) at 4. The general equitable tolling test requires that a litigant establish (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way. *See Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012); *Booth v. United States*, 914 F.3d 1199, 1207 (9th Cir. 2019); *see also* 51 Am. Jur. 2d Limitation of Actions § 155 (collecting cases).

There is no question that Plaintiff in this case has diligently pursued his rights and prosecuted this case. He has also attempted to obtain counsel in numerous ways. Moreover, the Plaintiff faced the extra challenges and "extraordinary circumstances" of litigating this case as a disabled, *pro se* individual, during a global pandemic. As discussed above, this case was stayed from April 1, 2020, to July 14, 2021, over Plaintiff's strenuous objections. The Court considers the statute of limitations equitably tolled during this period. Therefore, "relation back" under Rule 15(c) is not required for Plaintiff's amendments to be considered timely.

Even if "relation back" were required, however, Plaintiff detailed the factual allegations of his encounter with law enforcement on July 11, 2019, at Lumpy's bar, his subsequent arrest, and his incarceration at the Jackson County Jail in his original complaint, even if he did not specifically connect all those allegations to concrete legal claims. The Court finds that all of the amendments now proposed by Plaintiff counsel relate back to the same set of facts and circumstances alleged in the original complaint. Some of the claims are expanded as to the allegations' context, details, and legal implications, and some include new theories of liability. But, ultimately, all of the facts arise out of the same encounters with law enforcement. *Pro se* pleadings are to be liberally construed and leave to amend should be freely granted as long as

amendment would not be futile. Plaintiff's proposed amendments are therefore both timely, and, even if they were not, they "relate back" to his original complaint, filed in January, 2020.

The County defendants specifically object to Plaintiff's proposed added claims against Brian Kolkemo, The County defendants claim, without citation, that failing to name any Doe defendants in the original complaint prevents Plaintiff from utilizing Rule 15(c)(1)(C) to change the name of the party against whom a claim is asserted. This is incorrect. Nothing in the rule requires a placeholder name, as long as the party to be brought in by amendment (i) received notice of the action such that it would not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. Pro. 15(c)(1)(C)(i-ii). Moreover, these requirements only apply to claims brought against a new defendant after the statute of limitations has run. As discussed above, the Courts finds that the statute of limitations was tolled while the case was stayed, therefore the amendments are timely proposed.

Even if Plaintiff had to meet the requirements of Rule 15(c), however, the Court finds that he has done so. The County, and by extension the deputies and staff involved in this incident, have been well aware of the litigation brought by Plaintiff. Internal investigations were conducted, and evidence was reviewed for discovery. The County defendants point to Plaintiff's deposition testimony that the "compliance blow" at the County jail did not seem to bother him, and they contend that Plaintiff did not appear to be interesting in pursuing a claim against the officer who hit him. It is true that, at the time, and indeed for most of the life of this case, Plaintiff has been operating under his own assumption that he was hit in the face by a law enforcement officer at the initial encounter with officers, outside of the Lumpy's bar, and not at the County jail. However, while Plaintiff might not have understood the legal implications of the

series of events, it is clear that the County defendants and their attorneys all had notice that Plaintiff intended to bring claims for being hit in the face; they had notice that he was hit in the face at the jail, and they had notice to investigate within their own records who actually took the action to hit Plaintiff in the face. Therefore, the County and Brian Kolkemo either knew or should have known that Mr. Kolkemo could be named as the party who took that action. Thus, Plaintiff's allegations against Brian Kolkemo meet the requirements of Rule 15(c).

Moreover, the County's assertions that Plaintiff had no excuse for the poorly pled claims in the original complaint are not well taken. Plaintiff gave a satisfactory account of the facts as he remembered them, and he did in fact allege a number of claims against "jail staff" in the body of the complaint, but he did not understand how to specifically name those people as defendants in the caption. He did the best he could, with limited resources.

Second, as to futility, while the defendants point to the evidence already in the record, the Court cannot say with certainty that the proposed amended claims would be entirely futile. In the interests of promoting equal access to justice, Plaintiff should be allowed to amend his claims with the help of an attorney. The prejudice asserted by the defendants is addressed below.

As to re-opening discovery, the City defendants note that Plaintiff already received all of the video evidence in the City's possession, already received voluminous written discovery, and already conducted several depositions. The City defendants also specifically object to the discovery of an internal affairs report, which they argue is statutorily protected and confidential, as well as irrelevant and inadmissible. The City defendants also assert that officer personnel files should not be discoverable. Finally, the City claims that reopening discovery would be prejudicial because the process, with Plaintiff acting *pro se*, was long and difficult, and too much time has already been spent on this matter. The Court does not find any of these obstacles to be

overly prejudicial, such that Plaintiff's motion should be denied. The parties, through counsel, shall confer on the discovery objections and attempt to find a resolution. Parties may request a separate telephone counsel with the Court if they cannot resolve the issues through compromises, protective orders, designations of "attorney eyes only," and other means.

The County defendants, like the City defendants, assert that the "extremely late" amendment of Plaintiff's claims will prejudice them due to "great costs and demands for time." The Court is not persuaded by this assertion by either set of defendants. The defendants moved to stay this case in early 2020, when the Plaintiff was happy to move forward immediately. Plaintiff moved to end the stay multiple times. Considering the stay, the case has only been truly active for one year, which is a relatively short amount of time in federal litigation. If extensive discovery has already been provided, then it should be easy to coordinate any remaining issues, now with a licensed attorney as counsel instead of a *pro se* Plaintiff.

## ORDER

Plaintiff's motion for leave to file an amended complaint (#120) is granted. A clean copy of the Amended Complaint shall be filed by October 7, 2022.

Plaintiff's motion to reopen discovery (#121) is granted. The parties, through counsel, shall confer on the discovery plan in light of the Amended Complaint. Parties should diligently work through any discovery objections and attempt to find a resolution through compromises, protective orders, designations of "attorney eyes only," and other means. The parties shall also confer on the issue of publicity and contacts with the media.

A Joint Status Report on discovery, publicity, and a proposed case schedule is due on October 7, 2022. In that report, the parties may request a telephone conference with the Court if there are outstanding issues that they have been unable to resolve.

Plaintiff's motion to consolidate (#118) is denied. Plaintiff shall move to voluntarily dismiss the overlapping defendants from *Malaer II*, 1:22-cv-00947-CL in the next 30 days.

Defendants' motions for summary judgment (#78, 83) are denied as moot, without prejudice, and with leave to refile after the close of discovery.

Defendants' motion to strike (#137) is denied.

IT IS SO ORDERED and DATED this 28 day of September, 2022.

_____
MARK D. CLARKE
United States Magistrate Judge