IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


JOHN LEE MALAER,                                    Case No. 1:20-cv-00049-CL

                            Plaintiff,              **OPINION AND ORDER**
                                                    **ON *IN CAMERA* REVIEW**
          v.

SGT. GEOFFREY KIRKPATRICK, et al,

                            Defendants.

---

CLARKE, Magistrate Judge.

This is a civil rights case arising out of Plaintiff's encounter with law enforcement on July 11, 2019. Full consent to magistrate jurisdiction was entered on August 16, 2021 (dkt. #56).

The case comes before the Court on Plaintiff's request to compel the City Defendants to produce the Narrative Report from the Medford Police Department's Internal Affairs investigation, which resulted from Plaintiff's Complaint regarding his treatment by Officers Wulff and Esqueda during the incident on July 11, 2019. The City Defendants produced the Narrative Report to the Court for *in camera* review. Based on that review, the Court determines that the Narrative Report is not discoverable for the reasons below.

## DISCUSSION

Oregon law states that, "A public body may not disclose information about a personnel investigation of a public safety employee of the public body if the investigation does not result in discipline of the employee." Or. Rev. Stat. § 181A.674(3). However, subsection (3) of this section does not apply: (a) When the public interest requires disclosure of the information; (b) When the employee consents to disclosure in writing; (c) When disclosure is necessary for an investigation by the public body, the Department of Public Safety Standards and Training or a citizen review body designated by the public body; (d) To disclosures required under ORS 181A.667; or (e) When the public body determines that nondisclosure of the information would adversely affect the confidence of the public in the public body. Or. Rev. Stat. § 181A.674(4). Moreover, "[i]f an investigation of a public safety employee of a public body results from a complaint, the public body may disclose to the complainant the disposition of the complaint and, to the extent the public body considers necessary to explain the action of the public body on the complaint, a written summary of information obtained in the investigation." Or. Rev. Stat. § 181A.674(5).

Plaintiff has requested that the Court compel the City Defendants to produce the Narrative Report from the Medford Police Department's Internal Affairs investigation, which resulted from Plaintiff's Complaint regarding his treatment by Officers Wulff and Esqueda during the incident on July 11, 2019. The Court acknowledges the competing interests here include the City's interest in conducting internal affairs investigations in a confidential setting, which encourages candid disclosures and rigorous investigations, in order to assess potential past harms and prevent any potential future harm by public employees, balanced by the Plaintiff's need to conduct thorough and complete discovery to vindicate his civil rights in this litigation.

There is also the general public interest in transparent government actions, which weighs in favor of disclosure.

In this case, the City's interest in non-disclosure outweighs the competing interests on behalf of the Plaintiff and the public at large for three reasons. First, the statute forbids disclosure except in circumstances that do not exists here. There is no evidence that the public interest requires disclosure, nor that non-disclosure would adversely affect the confidence of the public in the public body, particularly since the document would remain confidential under the terms of the protective order entered in this case. The other exceptions do not apply.

Second, the City has complied with subsection (5) of the statute, which allows the public body to disclose to the complainant the disposition of the complaint and, to the extent the public body considers necessary to explain the action of the public body on the complaint, a written summary of information obtained in the investigation. The City has already provided the complaint, the interview recordings taken by Sgt. Budreau as part of the investigation, photos taken by Sgt. Budreau as part of the investigation, and Sgt. Kirkpatrick's disposition letter concluding the IA investigation. Therefore, the City has met its obligation to provide the information contemplated by ORS 181A.674(5) in response to a complainant's request.

Third, none of the information contained in the Narrative Report contradicts or fails to support any of the other information provided to Plaintiff in the discovery process. There is no secret that is hiding in the contents of the document. However, the City is entitled to keep the inner workings of their Internal Affairs investigation confidential for the reasons discussed above – namely to encourage candor and diligence in future investigations. Particularly because all of the information contained within the document is available to Plaintiff by other means, the needs of the litigation do not outweigh the City's interest in confidentiality in this instance.

**ORDER**

Plaintiff's request to compel City Defendants to produce the IA Narrative Report is

DENIED.

City Defendants may pick up the document from the Medford Clerk's Office at their

convenience.

IT IS SO ORDERED and DATED this ___ day of December, 2022.

MARK D. CLARKE
United States Magistrate Judge