ERIC B. MITTON, OSB No. 065925
ALICIA M. WILSON, OSB No. 103397
City of Medford
411 W. 8th Street, Room 260
Medford, OR 97501
(541) 774-2020
Fax: (541) 774-2567
eric.mitton@cityofmedford.org
alicia.wilson@cityofmedford.org
Of Attorneys for City Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOHN LEE MALAER,<br><br>Plaintiff,<br><br>vs.<br><br>GEOFFREY KIRKPATRICK, an individual; MICHAEL WULFF, an individual; OMAR ESQUEDA, an individual; ASHLEY MCFALL, an individual; CITY OF MEDFORD, a government agency; JACKSON COUNTY, a government agency; NATHAN SICKLER, in his individual and official capacity; and BRIAN KOLKEMO, an individual,<br><br>Defendants. | Case No. 1:20-cv-00049-CL<br><br>**MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER RE INTERNAL AFFAIRS FILE**<br><br>By: City Defendants |

**LR 7-1 Certification**

Attorneys for the City Defendants have discussed this matter with Plaintiff's counsel repeatedly, including during a 2.5-hour Zoom conferral (on multiple issues, including this issue) with Plaintiff's counsel on January 24, 2023 and a 20-minute telephone call (on two issues,

PAGE 1- MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

including this issue) with Ms. Burrows on January 26, 2023. Ultimately, no agreement could be reached.

## MOTION

Since this Court ordered on December 2, 2022 that the City's Internal Affairs narrative report was not discoverable (after an *in camera* review of the document in question), Plaintiff has continued to seek discovery of this report, including asking deponents about the contents of the report, and also seeking the report itself via post-December 2nd subpoenas to the Oregon State Police and the Oregon Department of Justice. The City Defendants believe that Plaintiff should have raised any concerns Plaintiff had with the validity of the December 2nd Order through a motion for reconsideration, not by disregarding the December 2nd Order and continuing discovery attempts to obtain the document at issue. Regardless, there is no error in the Court's December 2nd Order for the reasons set forth below. The City Defendants seek an Order confirming that this Internal Affairs narrative report is not discoverable to Plaintiff, that Plaintiff may not depose any person about the protected IA report, and that all requests in subpoenas to third parties requesting the IA report (now or in the future) are quashed.

## Points and Authorities

I.     **Case law supports the Court's existing ruling on this issue.**

Plaintiff argues that this Court legally erred by relying on an interests-of-the-litigants balancing test connected with ORS 181A.674. Although Plaintiff did not rely on any federal case law in the lead-up to the December 2nd Order, Plaintiff now asserts that this Court should have relied on federal case law instead of state statute for the applicable balancing test. However, this is a distinction without a difference, because federal case law articulates a fundamentally-similar interests-of-the-litigants balancing test for the discovery of internal affairs

files, as set forth in *Estate of Bui v. City of Westminster Police Dept.*, 244 F.R.D.591, 595-596 (S.D.Ca. 2007):

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

This Court's discussion from the December 2nd Order is directly applicable to key factors articulated in this test. A discussion of each factor follows:

### 1. The extent to which governmental processes are thwarted.

The *Bui* case found this factor not significant because it focused specifically on the truthfulness of fact witnesses. It stated that fact witnesses would be truthful regardless of whether or not the IA was made public because of other duties that apply to officers. However, the Bui case did not discuss the key argument on this point that this Court relied upon: encouraging candor by the reviewing officers. The self-critical nature of IA is discouraged when IA investigators expect that every critical comment they make in an IA report will be used against the department in subsequent civil litigation. In the December 2 Order, this Court expressly talked about this concern and found it persuasive: "the City is entitled to keep the inner workings of their Internal Affairs investigation confidential for the reasons discussed above - namely to encourage candor and diligence in future investigations." (Order, p. 2).

/ / /

PAGE 3- MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

**2.    Impact on cooperating witnesses on having their identities disclosed.**

This factor is not relevant to the current case.

**3.    The degree to which government self-evaluation and consequent program improvement will be chilled by disclosure.**

As discussed above with the first factor, adopted as set forth herein, this factor is directly applicable and the Court already found it highly persuasive.  If this internal affairs file was produced simply because it was about the arrest at issue, then every internal affairs file would be fair game in a subsequent civil suit, and that would discourage internal investigators from providing self-critical analysis of their officers' actions.

**4.    Whether the information sought is factual information or analysis.**

Here, Defendant only asserted the self-critical analysis privilege as to the narrative report itself (which consists of analysis), not any of the factual documents contained in the file (photos and video).  All photos and video from the internal affairs file have been produced to Plaintiff.  Thus, this factor weighs heavily in favor of non-disclosure of the narrative report.

**5.    Whether the party seeking discovery is currently or will be a criminal defendant.**

This factor is not relevant to the current case.

**6.    Whether the police investigation has been completed.**

The City Defendants do not rely on concerns about an ongoing investigation.  This investigation is complete.  As such, this factor is not relevant.

/ / /

/ / /

PAGE 4- MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

**7.    Whether intradepartmental discipline proceedings have arisen or may arise from this proceeding.**

As Plaintiff knows from the disposition letter he received, the officers were exonerated of the internal affairs allegation that Plaintiff made: that the MPD officers allegedly threw Plaintiff on the ground in front of Lumpy's and punched him in the patrol car before transporting him to the jail.  The entire interaction was captured on video.  In fact, Plaintiff's amended complaint has abandoned the allegation that any such use of force occurred in front of Lumpy's.  No intradepartmental proceedings arose from this baseless allegation, so this factor is irrelevant.

**8.    Whether Plaintiff's suit is frivolous and brought in good faith.**

Without addressing at the current time whether Plaintiff's suit against the City Defendants is frivolous as a whole (and Plaintiff's counsel has admitted in Plaintiff's status report of January 25, 2023 that portions of the current Amended Complaint "offend Rule 11"), the continued discovery attempts as to the alleged use of force in front of Lumpy's simply has no purpose.  The scope of this internal affairs investigation was defined by Plaintiff's internal affairs complaint, which alleged:

> My power wheelchair ran out of power in front of Lump[y]s on Riverside.  I ask someone to call a cab and they called the police.  When they arrived they arrested me threw my [sic] on the ground and stepped on my arms & legs damaging my left elbow.  While handcuffed in the back of the [illegible] I was punched in the left eye by a Hispanic officer & officer Wulf[f] witness.  I was then taken to jail put on suicide watch and not allowed a phone call until I was released 24 hours later.

Video already submitted to this Court indisputably proves that this never happened.  Notably, although Plaintiff's original *pro se* complaint had a use-of-force claim over an alleged use of force in front of Lumpy's, the current Amended Complaint does not.  Continued discovery as to this abandoned allegation would be frivolous.

PAGE 5-  MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

9. **Whether the information sought is available through other discovery or from other sources.**

Without waiving privilege in the narrative report itself, the City Defendants have notified Plaintiff's counsel that the following documents were listed as exhibits to the narrative report or cited in the narrative report:

- Report 19-12984
- Officer Wulff's BWC videos from this incident (Evidence.com)
- Officer Esqueda's BWC video from this incident (Evidence.com)
- In car video of the transport of Mr. Malaer (Evidence.com)
- Written complaint form from 07/25/19
- Photos taken by Sgt K. Budreau on 7/18/19 (labeled #1 - #6)
- Photos provided by Mr. Malaer via email on 7/18/19 (labeled #7 - #9)
- Audio recording of phone call between Sgt Mak and Mr. Malaer

As this Court correctly found in the December 2nd order on this issue, "all of the information contained within the document is available to Plaintiff by other means." In fact, all of these documents were produced to Plaintiff before the initial motions practice on the IA narrative report.

10. **The importance of the information sought to the plaintiff's case.**

As previously noted, Plaintiff's current Amended Complaint no longer contains a claim for allegedly throwing Plaintiff on the ground in front of Lumpy's, stepping on him, and punching him in the eye before transporting him to the jail. Video evidence confirms that the allegations of Plaintiff's IA complaint simply did not happen. As such, this IA narrative report addressing those allegations has no importance to Plaintiff's case.

II. **The City has not waived its privacy interests in the IA report.**

Plaintiff also argues that the City Defendants knowingly waived all protections in the internal affairs file. Plaintiff already raised the issue of waiver in his November 22, 2022

briefing leading up to the December 2nd Order (albeit articulated slightly differently), so this Court presumably did not find the issue persuasive. Regardless, there is no legal merit to the argument. The IA file was only ever forwarded outside of the City of Medford once: in an email from now-retired Police Chief Clauson to Sheriff Nate Sickler. It is not clear from the face of the email whether this was (1) an inadvertent forward (it appears that Clauson, using his iPhone's email app, was attempting to forward a prior email in the email chain to Sickler, instead of forwarding a subsequent response email from other MPD personnel to the Chief that contained as an attachment the draft of the IA file), or (2) a knowing forward from one law enforcement agency subject to ORS 181A.674 to another law enforcement agency subject to ORS 181A.674 (and a to-be co-defendant).

If attaching the file to Sheriff Sickler was an inadvertent forward of the wrong email from an email chain, then it does not constitute a "voluntary relinquishment of a known right" sufficient to constitute waiver of confidentiality by an entire municipal entity. *Bennett v. Farmers Ins. Co. of Oregon*, 332 Or. 138, 156 (2001*); see also Barinaga v. Ariel Wireless, Inc*., 2002 WL 31974408, *4 (D.Or. 2002). On the other hand, if then-Chief Clauson knew that the email to Sickler contained the IA report as an attachment, this email implicates the "common interest" or "joint defense" doctrine, an exception to ordinary waiver rules where two separate parties communicate in confidence about a matter of common legal interest, in furtherance of that common legal interest. *In re Pac Pictures Corp*., 679 F.3d 1121, 1129 (9th Cir. 2012). Either way, the City of Medford has not waived its protected interests in the internal affairs file.

/ / /

/ / /

Page 7- MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

### III. No reason exists to disturb this Court's existing Order.

As demonstrated above, this Court's December 2nd Order analyzing of the parties' relative interests in the internal affairs file corresponds precisely with the factors articulated in the *Bui* decision, particularly the City's need for privacy for its self-critical processes (first and third factors), the facts relied on by the narrative report are available to Plaintiff by other means (ninth factor), and the needs of the litigation (tenth factor).  The City has not waived any confidentiality interests in its Internal Affairs file.  For all the reasons discussed above, this Court should not reconsider its December 2nd Order, which articulated legally-and-factually persuasive factors why the Kirkpatrick IA report should not be produced in discovery.

DATED this 31st day of January, 2023.

MEDFORD CITY ATTORNEY'S OFFICE

/s/ Eric B. Mitton
ALICIA M. WILSON, OSB No. 103397
ERIC B. MITTON, OSB No. 065925
City of Medford
411 W. 8th Street
Medford, OR 97501
Of Attorneys for Defendants City of Medford, Kirkpatrick, Esqueda, Wulff, and McFall.

CERTIFICATE OF SERVICE

       I hereby certify that a true copy of the **MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER** was served on the following parties on the 31st day of January, 2023, via e-mail.

Alicia LeDuc Montgomery
LEDUC MONTGOMERY LLC
2210 W Main Street, Suite 107 #328
Battle Ground, WA 98604
    *Of Attorneys for Plaintiff*

Michelle R Burrows
16869 SW 65th Ave # 367
Lake Oswego OR  97035
    *Of Attorneys for Plaintiff*

Johan Pietila
Bret Baumann
JACKSON COUNTY COUNSEL
10 S Oakdale Avenue, Rm 214
Medford, OR 97501
    *Of Attorneys for Defendants Jackson County,*
    *Sickler and Kolkemo*

                                             /s/ Eric B. Mitton_____
                                             Eric B. Mitton, OSB #065925
                                             Of Attorneys for City Defendants