IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOHN LEE MALAER, | Case No. 1:20-cv-00049-CL |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| SGT. GEOFFREY KIRKPATRICK, et al, | |
| Defendants. | |

CLARKE, Magistrate Judge.

This is a civil rights case arising out of Plaintiff's encounter with law enforcement on July 11, 2019. Full consent to magistrate jurisdiction was entered on August 16, 2021 (dkt. #56).

The case comes before the Court on the City Defendants' motion to quash third party subpoenas and motion for protective order. This Court has already determined that the Narrative Report from the Medford Police Department's Internal Affairs investigation is not subject to discovery in this litigation. For the reasons below, the City's motion (#165) is GRANTED. The third party subpoenas are hereby quashed, and Plaintiff shall cease attempting to procure the Narrative Report from all parties and non-parties.

## DISCUSSION

While the Court's prior decision regarding the IA Narrative Report was analyzed based on ORS § 181A.674(3), regarding disclosure of a personnel investigation of a public safety employee, the Court engaged in a balancing test that was inherently similar to the balancing test used by other federal courts in this Circuit when information is being sought from local law enforcement agencies. This, interest-of-the-litigants balancing tests includes:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Estate of Bui v. City of Westminster Police Dept.*, 244 F.R.D.591, 595-596 (S.D.Ca. 2007) (citing *Kelly v. City of San Jose*, 114 F.R.D. 653, 659 (N.D.Cal.1987)). Here the City defendants' motion walks through the factors and identifies the most relevant, including the third factor (government self-evaluation), the sixth (whether intradepartmental disciplinary proceedings have arisen or may arise from the investigation), ninth, (whether the information sought is available through other discovery or from other sources), and tenth, (the importance of the information sought to the plaintiff's case), all of which the Court discussed in the prior Order. Plaintiff does not respond to this argument, and the Court considers it conceded.

The Court previously found that the City's interest in non-disclosure outweighs the competing interests on behalf of the Plaintiff and the public at large. Besides being disallowed under the state statute, the Court determined that the City had already met its obligation to provide the information contemplated by ORS 181A.674(5) in response to a complainant's request. Additionally, after in camera review, the Court determined that none of the information contained in the Narrative Report contradicts or fails to support any of the other information already provided to Plaintiff in the discovery process. There is no secret that is hiding in the contents of the document. However, the Court found that the City is entitled to keep the inner workings of their Internal Affairs investigation confidential to encourage candor and diligence in future investigations.

Importantly, nothing in the Plaintiff's response to the current motion identifies a current compelling litigation interest in the IA Narrative Report. The Narrative Report discusses the investigation into Plaintiff's claim that he was mistreated by Officer Esqueda during the incident that occurred at Lumpy's Bar; it does not cover the further events that transpired with Plaintiff's transportation and lodging at the Jackson County Jail. Plaintiff's allegation that Officers Wolf or McFall were present at the Jackson County Jail when Plaintiff was lodged has nothing to do with the Internal Affairs investigation. Therefore, the needs of Plaintiff's litigation do not outweigh the City's interest in confidentiality in this instance.

In addition, the Court previously noted that all of the information contained within the Narrative Report is available to Plaintiff by other means, but the Court did not order that the document be provided to Plaintiff via some other route. The Plaintiff's implication that the Narrative Report should be provided via some other route, including another governmental

agency, is a misreading of the prior order. The City has not waived its privilege in the Narrative Report, and Plaintiff is not entitled to it in discovery.

## ORDER

City Defendant's Motion (#165) is GRANTED. Whether the Court applies the Oregon state statute or the federal ten-factor test, the City of Medford can assert an official information privilege to justify withholding the IA Narrative Report sought by Plaintiff. Any subpoenas to third parties are quashed, and Plaintiff must cease and desist from requesting discovery of the Narrative Report from all sources.

IT IS SO ORDERED and DATED this 24 day of February, 2023.

MARK D. CLARKE
United States Magistrate Judge