**ALICIA LEDUC MONTGOMERY, OSB 173963**
Email: alicia@leducmontgomery.com
**LEDUC MONTGOMERY LLC**
2210 W Main Street, Suite 107 #328
Battle Ground, Washington 98604
Telephone: (503) 500-5695
www.leducmontgomery.com

**MICHELLE R. BURROWS, OSB 861606**
Email: michelle.r.burrows@gmail.com
**LAW OFFICE OF MICHELLE R. BURROWS P.C.**
16869 SW 65th Ave. #367
Lake Oswego, Oregon 97035
Telephone: (503) 241-1955
www.oregoncivilrights.com

Attorneys for Plaintiff John Malaer

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOHN LEE MALAER,<br><br>  Plaintiff,<br><br>v.<br><br>GEOFFREY KIRKPATRICK, an individual; MICHAEL WULFF, an individual; OMAR ESQUEDA, an individual; ASHLEY MCFALL, an individual; CITY OF MEDFORD, a government agency; JACKSON COUNTY, a government agency; NATHAN SICKLER, in his individual and official capacity; and BRIAN KOLKEMO, an individual,<br><br>  Defendants. | Case No. 1:20-cv-00049-CL<br><br>**MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**<br><br>EXPEDITED CONSIDERATION REQUESTED |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES …………………………………………………………………...…2
CERTIFICATE OF COMPLIANCE …………………………………………………………….3
LR-7-1 CERTIFICATION ………………………………………………………………………3
MOTION …………………………………………………………………………………………4
MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND …………………..4
    I.    Introduction …………………………………………………………………………..4
    II.   Relevant Fact and Procedural Background …………………………………………..6
    III.  Legal Standard ………………………………………………………………………..7
    IV.  Analysis ………………………………………………………………………………8
        A. Defendants Will Not Be Prejudiced By Amendment ……………………………9
        B. Plaintiff's Amendments are Made in Good Faith and Supported by Evidence …12
        C. No Under Delay in Proposing Amendments After Close of Discovery…………13
        D. The Proposed Amendments are Meritorious, Not Futile …………………………16
        E. The Proposed Amendments Relate Back to the Original Complaint …………...17
        F. Justice is Not Served if Amendment is Denied …………………………………17
    V.   Conclusion …………………………………………………………………………..18

# TABLE OF AUTHORITIES

**Cases**
*Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122 (9th Cir. 2018) ............................................... 15
*Barber v. Select Rehab., LLC*, 2019 WL 2028519 (D. Or. May 8, 2019) ................................... 15
*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ....................................... 7
*Fudge v. Bennett*, No. 2:19-CV-01102-SB, 2021 WL 1414279 (D. Or. Jan. 5, 2021), *report and recommendation adopted*, No. 2:19-CV-01102-SB, 2021 WL 1414209 (D. Or. Apr. 13, 2021) ................................................................................................................................................ 16
*Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529 (N.D. Cal. 1989) .................................. 8
*Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877 (9th Cir. 1999) ...................................................... 7
*Heffington v. Gordon*, No. 3:16-cv-02079-AC, 2017 WL 3234386 (D. Or. July 28, 2017) .......... 6
*Imblum v. Code Corp.*, 2017 WL 3594569, at *3 (S.D. Cal. Aug, 21, 2017) ................................. 7
*Knight v. Curry Health Dist.*, No. 1:15-CV-01851-CL, 2016 WL 5719686 (D. Or. Sept. 29, 2016) ............................................................................................................................................ 7
*Lazuran v. Kemp*, 142 F.R.D. 466, 470 (W.D. Wash. 1991) ......................................................... 9
*Malaer v. Kirkpatrick*, No. 1:20-CV-00049-CL, 2022 WL 4536258 (D. Or. Sept. 28, 2022) ..... 16
Miller v. Selsky, 234 F.3d 1262 (2d Cir. 2000) ............................................................................ 13
*Ni-Q, LLC v. Prolacta Bioscience, Inc.*, 407 F. Supp. 3d 1153 (D. Or. 2019) ....................... 12, 15
*Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) ............................. 7
*Parker v. Joe Lujan Enterprises, Inc.*, 848 F.2d 118 (9th Cir. 1988) ............................................ 8
*United States v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011) ........................................... 15
*United States v. Webb*, 655 F.2d 977 (9th Cir. 1981) .................................................................... 6

**Other Authorities**
*Whether Prejudice Will Result From Leave to Amend Pleading*, 27A Fed. Proc., L. Ed § 62:272 8

**Rules**

Federal Rule of Civil Procedure 15(a) ................................................................................. 3
Rule 15(c) .............................................................................................................................. 7

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word count limitation under LR 7-2(b), 54-1(c), or 54-3(e) because it contains 4,597 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## LR-7-1 CERTIFICATION

Counsel for the Parties conferred at various points in person, by email, and by phone in 2022 and 2023 regarding Plaintiff's intention to file a second amended complaint but were unable to resolve this dispute. Plaintiff advised all Defendants in January of its intent to file this amended complaint and that a copy would be provided in February after close of discovery. After obtaining transcripts from late-January depositions, Plaintiff provided a clean copy of the Proposed Amended Complaint, a copy of the redline edits compared to the operative complaint, and a bullet point list of the key changes in the Proposed Amended Complaint to all Defendants on February 21, 2023, particularly so the City Defendants would not be prejudiced in filing a Rule 56 motion in late March. The Defendants sought to schedule conferral on the Proposed Amended Complaint in mid-March, but Plaintiff advised it had concerns with that timing due to the dispositive motion deadline for the City in late March. The City Defendants appear to want to confer on the substance of a potential Rule 12(b)(6) motion, which is untimely prior to filing the proposed amendment complaint. Plaintiff entered into a stipulation with the County Defendants that action on the County claims are stayed pending the outcome of a judicial mediation conference April 20, 2023.

**MOTION**

Pursuant to Federal Rule of Civil Procedure 15(a) Plaintiff respectfully moves the Court to enter an order granting Plaintiff leave to amend his complaint in the interest of justice. This Motion is supported by the Declaration of Alicia LeDuc Montgomery ("LeDuc Decl.") attached hereto, the papers on file, and the following points and authorities. A clean copy and redline copy of Plaintiff's proposed amended complaint are attached hereto. LeDuc Decl., Exs. A-B.

Plaintiff requests expedited consideration of this motion because the City Defendants intend to file a motion for summary judgment by the end of March and the County Defendants are engaging in a judicial settlement conference with Plaintiff on April 20, 2023. Dkt. 166.

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND**

### I.     INTRODUCTION

Plaintiff seeks leave to file the proposed second amended complaint now that discovery is closed, based on information obtained through document production, admissions, and deposition testimony in November, December and January after the Amended Complaint was filed. Discovery closed January 31, 2023. Plaintiff's purpose in proposing the amendments is to clearly articulate and streamline Plaintiff's allegations and the claims at issue, and conform the pleadings to the testimony, video, and documentary evidence provided by the City and County Defendants and third-party witnesses to focus the case for resolution. The dispositive motion deadline as to the County Defendants' was continued to September pending a judicial mediation conference scheduled for April, and these proposed amendments will make the City's filing of any Rule 56 motion in March more streamlined.

The Proposed Second Amended Complaint changes the operative Amended Complaint by:

a.  Withdrawing the malicious prosecution claim against the City Defendants;

4 – **MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**

b. Withdrawing the First Amendment retaliation claim against the City Defendants;

c. Withdrawing the Americans with Disabilities Act/Rehabilitation Act claim against the individual City Defendants;

d. Withdrawing the First Amendment retaliation claim against the County Defendants;

e. Withdrawing the Oregon Constitution claim against the County Defendants;

f. Withdrawing the Americans with Disabilities Act/Rehabilitation Act claim against the individual County Defendants;

g. Withdrawing the Assault claim against the County Defendants;

h. Adding and refining fact allegations supporting the claims retained, based on documents, admissions, and testimony obtained in discovery; and

i. Clarifying the *Monell* claims against both the City and County Defendants Plaintiff had pled in the operative Amended Complaint, by separately and more clearly articulating the *Monell* claims and their bases, and based on further information obtained in discovery.

Plaintiff's prior motion for leave to amend stated "With the proposed limited reopening of discovery, any defects in the pleading could be resolved by further amendment, including following depositions of the officers and deputies involved, review of personnel records, and the City of Medford's internal investigation files." Dkt. 120 at 37.  That is what the Proposed Amended Complaint now seeks to do, and there is no prejudice to Defendants in amending the complaint now, after close of discovery, in advance of dispositive motions and a settlement conference in this case.

///

5 – **MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**

## II.  RELEVANT FACT AND PROCEDURAL BACKGROUND

As the Court is likely aware, this case has had a torturous fact and procedural background to get to this point.  In the interest of expediency Plaintiff does not reiterate the entire background here, however robust renditions of the fact and procedural background of this case are contained in Plaintiff's Motion for Leave to Amend, Dkt. 120, Plaintiff's Notice of Directly-Related Cases, Dkt. 117, Plaintiff's Motion to Consolidate Actions, Dkt. 118, and Plaintiff's Motion to Re-Open Discovery, Dkt. 121.

This case was filed by Plaintiff *pro se* in January 2020.  The case was held in abatement pending Plaintiff's underlying criminal case until July 2021.  Plaintiff finally obtained counsel from Alicia LeDuc Montgomery in this case in May 2022. The Court allowed Plaintiff, now with assistance of counsel, to file an amended complaint and re-open discovery.  Additional counsel Michelle Burrows filed a notice of appearance for Plaintiff on December 13, 2022, and the parties completed discovery, including substantial exchanges of documents and admissions, issuing at least seven third-party subpoenas, and conducting approximately 20 depositions in December and January. Discovery closed January 31, 2023 and dispositive motions are due at the end of March 2023.  Plaintiff and the County Defendants agreed to schedule a judicial settlement conference set for April 20, 2023, and the Court granted the extension of the County Defendants' deadline to file summary judgment motion to September 2023.  Dkt. 164.  The City Defendants intend to file a dispositive motion.

The Court approved Plaintiff re-opening discovery at the same time it approved Plaintiff's new counsel filing an amended complaint.  Since filing the Amended Complaint on September 29 2022, Plaintiff's counsel and Defendants' counsel have been in conferral and discussing Plaintiff's intent to file a further amended complaint after discovery closed.  LeDuc Decl.

6 – **MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**

The Parties conferred regarding a second amended complaint since September 2022. On October 7, 2022, Plaintiff's counsel emailed Defendants' counsel requesting to file an amended complaint that would withdraw multiple claims against the Defendants and clarifying fact pleading as to remaining claims. All Defendants objected to filing a new complaint although they did not oppose Plaintiff dismissing claims against the Defendants. Throughout discovery in October through January, Plaintiff's counsel referenced to Defense counsel that Plaintiff intended to file an amended complaint at close of discovery, driven in part by new information obtained in discovery. During in-person depositions in Medford in January 2023, Plaintiff's counsel again reiterated to Defense counsel the intent to file an amended complaint in February, in light of significant new information and key admissions obtained during the Defendants' depositions. In February 2023, the Parties exchanged various emails in which Plaintiff's counsel confirmed the intent to file an amended complaint and providing updates on timing on when a draft proposed second amended complaint would be sent.

After obtaining transcripts from late-January depositions, Plaintiff provided a clean copy of the Proposed Amended Complaint, a copy of the redline edits compared to the operative complaint, and a bullet point list of the key changes in the Proposed Amended Complaint to all Defendants on February 21, 2023, particularly so the City Defendants would not be prejudiced in filing a Rule 56 motion in late March.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Rule 15(a) creates a liberal policy in favor of granting leave to amend "so that matters may be decided on merit rather than 'bare pleadings.'" *Heffington v. Gordon*, No. 3:16-cv-02079-AC, 2017 WL 3234386 *1, 2017 U.S. Dist. LEXIS

7 – **MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**

119425 *2 (D. Or. July 28, 2017) citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In determining whether leave to amend is appropriate, the court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Of all the factors, it is "the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In evaluating prejudice, courts often consider whether "relevant deadlines would have to be continued as a result of the new pleading, the stage of discovery at the time of the amendment, the extent to which additional discovery would have to be conducted and the degree to which amendment may delay the proceedings." *Imblum v. Code Corp.*, 2017 WL 3594569, at *3 (S.D. Cal. Aug, 21, 2017). "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under rule 15(a) in favor of granting leave to amend." *Knight v. Curry Health Dist.*, No. 1:15-CV-01851-CL, 2016 WL 5719686, at *1 (D. Or. Sept. 29, 2016).

Further, Rule 15(c) provides that an amendment to a pleading relates back to the date of the original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]"

## IV.   ANALYSIS

Plaintiff seeks leave to amend his complaint in light of information obtained in discovery. The Court should grant Plaintiff leave to amend his complaint in the interest of justice because none of the factors are present or outweigh the significant interest of justice in holding governments and their agents to account for obvious, video-recorded violations of Plaintiff's Constitutional rights and protections under the Americans with Disabilities Act.

### A. Defendants Will Not Be Prejudiced By Amendment

Plaintiff's Motion should be granted because Defendants will not be substantially prejudiced by allowing Plaintiff's proposed Amended Complaint:

> \* \* \* Prejudice to the opposing party is the touchstone for the denial of leave to amend a pleading. \* \* \*
>
> The prejudice to the opposing party **must be undue or substantial** prejudice, **or unjustified** prejudice, since almost every amendment of a pleading will result in some "practical prejudice" to the opposing party. Mere inconvenience to the opposing party is not a ground to deny a motion to amend. In addition, the mere fact that an amendment changes the plaintiff's theory of the case is not sufficient reason to deny a motion to amend. \* \* \*
>
> Generally, a party will not be prejudiced by an amended pleading if the amendment relates to the same conduct, transaction, or occurrence alleged in the original pleading, or if the opposing party is otherwise aware of the facts contained in the amended pleading. For example, the opposing party may be aware or should be aware of the substance of the amended pleading as a result of the original pleading, a trial brief, proposed jury instructions, discovery, or where the opposing party had an opportunity for discovery on the matters contained in the amended pleading, or the substance of the amended pleading was revealed in an earlier motion. Similarly, a party will generally not be prejudiced by an amended pleading where elements of the new claim almost entirely overlap the elements of the original claim.
>
> An amendment changing parties will not normally result in prejudice if the new parties, whether defendants or plaintiffs, are closely related to the original parties, and the new parties know that the suit is pending and that they are potential defendants. In addition, the mere fact that the amendment increases the opposing party's potential liability is insufficient to constitute prejudice. Instead, the courts look to such factors as the time, money, and legal resources required in answering the amended complaint, and the availability of evidence on the new issues.

*Whether Prejudice Will Result From Leave to Amend Pleading*, 27A Fed. Proc., L. Ed § 62:272 (emphasis added) (citing, *inter alia*, FRCP 15; *U.S. v. Hougham*, 364 U.S. 310, 81 S. Ct. 13, 5 L. Ed. 2d 8, 3 Fed. R. Serv. 2d 278 (1960); *Parker v. Joe Lujan Enterprises, Inc.*, 848 F.2d 118 (9th Cir. 1988) (prejudice to opposing party must be undue or substantial); *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 531 (N.D. Cal. 1989) (defendant's assertion that amendments would require it to depose numerous witnesses across the country who had been previously

9 – **MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**

LeDuc Montgomery LLC
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(503) 500-5695

questioned and would necessitate additional document searches and written discovery "do not constitute undue prejudice to the defendant"). The nonmoving party "bears the burden of showing prejudice." *DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

The Proposed Amended Complaint will not cause undue, substantial, or unjustified prejudice. The amendments relate to the same conduct, transaction, or occurrence – the July 11, 2019 arrest and jail confinement – alleged in the original pleading, supplemental complaint against Sickler, and Amended Complaint against the current Defendants. Dkts. 1, 58, 144. The majority of the fact allegations are verbatim or substantially the same as the operative Amended Complaint, with additional facts alleged supported by documents, admissions, and testimony obtained in discovery, which is known to Defendants.

The facts alleged in the amended complaint are not new to the case or the parties, and are already known to Defendants and their counsel. The factual allegations and claims are premised almost entirely on the City and County's own video and document evidence, Defendant and witness deposition testimony, and the OSP investigative report into Jackson County and Brian Kolkemo, exchanged in discovery in this case and some of which has already been referenced in the Defendants' briefing and declarations. Thus there is no prejudice to any Defendants in allowing amendment here. *See Lazuran v. Kemp,* 142 F.R.D. 466, 470 (W.D. Wash. 1991) (defendant would not be prejudiced by allowing amended complaint, even after close of discovery, when amended complaint asserted a claim related to claims asserted in original complaint and the discoverable information necessary to support new claim was in the possession of defendant and could be obtained through discovery).

10 – **MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**

Although City and County counsel would need to file a new answer, the additional legal work in responding to the Amended Complaint would be minimal. All of the factual allegations are known to the Parties at this stage, and Plaintiff's Amended Complaint made allegations showing a *Monell* claim against both the City and County Defendants, but simply not labeling it as such. There is no surprise or significant work involved for Defendants to respond and continue moving to the next stage of proceedings.

This Proposed Second Amended Complaint also clarifies and streamlines the claims to be litigated in this case in advance of the dispositive motion deadline and judicial settlement conference. The allegations and claims in Plaintiff's *pro se* complaint and supplemental complaint were not streamlined, and Defense Counsel had difficulty deciphering the exact nature of Plaintiff's claims and allegations. This discrepancy in understanding as to what legal claims were at issue was evident on summary judgment, where Plaintiff's response brief to the City Defendants' motion addressed claims of regarding false arrest and false imprisonment, use of force, First Amendment violations, malicious prosecution, IIED, and references to harms committed against plaintiff in his status as a disabled citizen, but the City Defendants' motion only addressed the issues of probable cause for the arrest, use of force allegations, and *Brady* violation allegations. Dkts. 97, 83. Likewise, Defendant Sickler only addressed claims of the denial of medical care and cruel and unusual punishment based on conditions of confinement, where Plaintiff's early notice, discovery requests, and arguments expressed an intent to seek recovery for constitutional rights violations and use of force. Dkt. 78.

The Proposed Second Amended Complaint cures such issues and gives Defense Counsel a clear statement of facts and set of claims – informed by document exchanges and deposition

11 – **MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**

testimony - to respond to in summary judgment and mediation going forward.  This will aid in efficiency of resolving Plaintiff's claims on the merits and avoid argument over what claims have actually been alleged, particularly if this case heads to trial.  This benefits all Parties. There is no substantial or undue prejudice to the Defendants.

### B. Plaintiff's Amendments are Made in Good Faith and Supported by Evidence

Plaintiff's proposed amendments are made in good faith and based largely on uncontroverted evidence already entered into the record or obtained directly from document discovery and deposition testimony in November, December, and January after the operative Amended Complaint was filed.

Plaintiff's purpose in proposing the amendments is to clearly articulate and streamline Plaintiff's allegations and the claims at issue, and conform the pleadings to the testimony, video and documentary evidence provided by the City and County Defendants and third party witnesses to focus the case for resolution.  For example, the Proposed Second Amended Complaint withdraws the malicious prosecution claim, First Amendment retaliation claim against the City Defendants and withdraws the Americans with Disabilities Act/Rehabilitation Act claim against the individual City Defendants. It also withdraws the First Amendment retaliation, Oregon Constitution claim, and Professional Negligence claim against the County Defendants, and withdraws the Americans with Disabilities Act/Rehabilitation Act claim against the individual County Defendants.  It adds and refines factual allegations supporting those claims retained, based on documents, admissions, and testimony obtained in discovery. It also clarifies the existing *Monell* claims against both the City and County Defendants Plaintiff had pled in the operative Amended Complaint, by separately and more clearly articulating the *Monell* claims

and their bases, and based on further information obtained in discovery. The Proposed Second Amended Complaint does not seek to join or allege claims against any new parties, does not attempt to address discovery issues through a pleading, and does not seek to use this federal case to address issues from Plaintiff's criminal proceedings.  In doing so, the Proposed Second Amended Complaint takes care to resolve or remove issues raised in the Court's prior order, Dkt. 103, and the Defendants' issues raised regarding the claims in the operative Amended Complaint.

The Proposed Second Amended Complaint provides the Court with greater detail and evidence Plaintiff did not have the benefit of prior to full discovery, documents, and depositions from Defendants at the time it filed the earlier Amended Complaint.  The claims alleged in the Proposed Second Amended Complaint are necessary to ensure complete relief can be granted in this case, and are made in good faith and upon Defendant admissions, deposition testimony, uncontroverted video, and documentary evidence, demonstrating a strong likelihood of Plaintiff prevailing on the merits.

### C. No Undue Delay in Proposing Amendments After Close of Discovery

Allowing Plaintiff to amend will not cause undue delay, nor has there been undue delay in Plaintiff bringing his motion to amend under the circumstances.  Delay alone is not sufficient to justify the denial of a motion requesting leave to amend. *DCD Programs,* 833 F.2d at 186; *see also Ni-Q, LLC v. Prolacta Bioscience, Inc.*, 407 F. Supp. 3d 1153, 1163-64 (D. Or. 2019) (even if competitor had known about its proposed claim for nearly one year and thus could have filed for amendment sooner, delay was not factor which favored denying competitor leave to amend its complaint to add Sherman Act attempted monopolization claim against patentee).  A party

13 – **MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**

may still "amend a complaint after discovery has been completed and defendants have filed summary judgment motions, even when the basis for the amendment existed at the time of the original complaint." *Miller v. Selsky,* 234 F.3d 1262 (2d Cir. 2000); *Frevach Land Co. v. Multnomah Cnty. Dep't of Env't Servs.*, No. CV-99-1295-HU, 2000 WL 1875839, at *31 (D. Or. 2000) (allowing amendment after close of discovery).

First, Plaintiff has not delayed prosecuting his case or notifying Defendants of the intent to file the Proposed Amended Complaint. The Parties conferred regarding a second amended complaint since September 2022. On October 7, 2022, Plaintiff's counsel emailed defense counsel advising it sought to file a second amended complaint that removed claims and streamlined the case, but all Defendants opposed. During in-person depositions in Medford in January 2023, Plaintiff's counsel again reiterated to Defense counsel the intent to file an amended complaint in February, in light of significant new information and key admissions obtained during the Defendants' depositions. The Parties exchanged various emails in February 2023 in which Plaintiff's counsel confirmed the intent to file an amended complaint and provided updates on timing on when a draft proposed second amended complaint would be sent. Discovery just closed January 31, 2023, and Plaintiff began immediately drafting the amended complaint while documents and deposition transcripts were still being produced in February. Copies of the Proposed Amended Complaint and a redline comparison version were served on February 21, 2023.

Second, much of the evidence provided to Plaintiff during the course of discovery was relevant, material, and new, and Plaintiff did not have the benefit of it when filing the operative Amended Complaint in September 2022. This included thousands of pages of emails and

14 – **MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**

documents from the City and County Defendants, tort claim notices and complaints from prior 1983 and ADA claim plaintiffs against Defendants, documents from third-party respondents Oregon State Police and Oregon Department of Justice, and in-depth deposition testimony from all of the City and County Defendants plus the Oregon State Police investigator, the Medford City Manager, and multiple Jackson County Sheriff's Office employees. This information is relevant to informing the issues in the case.  Allowing Plaintiff to amend his complaint in light of this substantial information following close of discovery does not support an undue delay, it is the point at which Plaintiff had the new information and transcripts available to submit the amendments.

Here, where Plaintiff has been advancing a theory of liability against the Sheriff's Office and its employees for the conduct of its employees against him during the course and scope of their employment as government actors, the amendment to add Jackson County and Brian Kolkemo specifically is not delayed, it is simply being clarified.  Allowing the amendment will not cause delay, because claims against the Sheriff on the basis of creating a culture, failing to train and supervise, and ratifying the conduct of deputies is already at issue in this case.

Finally, as noted above, amendment need not cause a delay in the proceedings in this case. All parties already agreed to re-brief summary judgment as to all current Defendants, beginning in March 2023.  The Court entered a case schedule that closed discovery at the end of January, and gave the parties two months to file a dispositive motion.  Defendants have known Plaintiff's intention to file an amended complaint following close of discovery, there is no surprise.  Should the Court grant expedited ruling on this motion, the Proposed Second Amended Complaint could be filed quickly and City Defendants could proceed to summary judgment and

15 – **MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**

County Defendants to settlement conference as scheduled, with far fewer claims and more articulate fact pleading to respond to.

### D. The Proposed Amendments are Meritorious, Not Futile

Amendment is appropriate because Plaintiff's allegations and claims are supported by actual evidence obtained to date. An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). The standard for assessing whether a proposed amendment is futile therefore is the same as the standard imposed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, although "viewed through the lens of the requirement that courts freely give leave to amend when justice so requires." *Ni-Q, LLC v. Prolacta Bioscience, Inc.*, 407 F. Supp. 3d at 1161 (quoting *Barber v. Select Rehab., LLC*, 2019 WL 2028519, *1 (D. Or. May 8, 2019) (internal citation omitted). "In considering futility, the Court does not simply consider the facts alleged, but also considers whether there may be additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint that would support" the new claim. *Ni-Q, LLC*, 407 F. at 1161 (internal quotations omitted) (citing *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

Each of the claims retained in the Proposed Second Amended Complaint is supported by existing evidence already discovered or secured in this case, including the facts, testimony, admissions, photographs, and video alleged in the proposed complaint. *See also* Dkt. 120; Malaer Decl., Exs. A-C; Dkts. 82, 84 (City and County Defendants' Motions for Summary

16 – **MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**

Judgment supporting declarations attaching the videos and records described).  The set of facts alleged in the Proposed Second Amended Complaint can be proved and constitute valid claims.

### E. The Proposed Amendments Related Back to the Original Complaint

Separately, amendment is appropriate because Plaintiff's amendments relate back to the original complaint.  Under Federal Rule of Civil Procedure 15(c)(1)(B), an amendment relates back to the date of the original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  *See also Fudge v. Bennett*, No. 2:19-CV-01102-SB, 2021 WL 1414279, at *3 (D. Or. Jan. 5, 2021), *report and recommendation adopted*, No. 2:19-CV-01102-SB, 2021 WL 1414209 (D. Or. Apr. 13, 2021); Dkt. 1.  The proposed amendments relate to the same conduct, transaction, or occurrence set out in the original complaint - the July 2019 arrest and detention - for the reasons stated above and argued in Plaintiff's Motion for Leave to Amend, Notice of Related Case and Motion to Consolidate Actions.  Dkts. 1, 117, 118, 120.  The Court granted Plaintiff's prior Motion for Leave to Amend making such arguments, and the Proposed Second Amended Complaint merely refines those claims already allowed by the Court in the operative complaint.  Dkt. 141, 144.  And for similar reasons as above, the City and County Defendants knew Plaintiff intended to file an Amended Complaint at close of discovery.  There is ample evidence supporting the merits of the claims, and both the equities and FRCP 15(c) support allowing amendment in this case.

### F. Justice is Not Served if Amendment is Denied

Public safety officials are public employees are charged with enforcing the Constitution and laws of the United States and State of Oregon, and providing public safety services in a way that

17 – **MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**

does not discriminate against individuals on the basis of their disability. The Jackson County Sheriff's Office "Code of Ethics" states "As a criminal justice officer, my fundamental duty is to serve humankind; to safeguard lives and property; to *protect all persons* against deception, the weak *against oppression or intimidation*, and the peaceful *against violence* or disorder; and *to respect the Constitutional rights of all people to liberty, equality and justice*." *See* Jackson County Sheriff's Office Policy Manual, https://jacksoncountyor.org/sheriff/General/Lexipol-Manual-and-Policies (emphasis added). The City of Medford Police Department aims to *"create a safe environment in Medford"* and aspires to *"serve[] as a model for character, collaboration and service"* with *"Professionalism [and] Respect." See City of Medford Police Department Mission, Vision, and Values,* https://www.medfordoregon.gov/Government/Departments/Police *(emphasis added).* The interests of justice are not served by denying Plaintiff the opportunity to present his amended claims against the current Defendants – all of whom are either government entities or government employees – when there is uncontroverted video evidence and documents and testimony showing on-duty government actors verbally denigrating and physically abusing an already-restrained and defenseless disabled person.

## CONCLUSION

This Court should grant Plaintiff's Motion for Leave to File Second Amended Complaint.

DATED: February 27, 2023          Respectfully submitted,

> LEDUC MONTGOMERY LLC
>
> By: */s/ Alicia LeDuc Montgomery*
> Alicia LeDuc Montgomery, OSB 173963
> alicia@leducmontgomery.com
> (503) 500-5695

18 – **MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**

**MICHELLE R. BURROWS P.C.**
Michelle R. Burrows, OSB 861606
Michelle.r.burrows@gmail.com
(503) 241-1955

Attorneys for Plaintiff John Malaer

19 – **MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**

**LeDuc Montgomery LLC**
2210 W Main St., Suite 107 #328
Battle Ground, Washington 98604
(503) 500-5695

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of **MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT** was served on the following parties on February 27, 2023 through the Court's Electronic Case File System and email to the following addresses.

Eric B. Mitton
Alicia M. Wilson
City Attorney
411 W 8th Street,
Medford, OR 97501
Eric.Mitton@cityofmedford.org
Alicia.Wilson@cityofmedford.org
Attorneys for Defendants City of Medford, Geoffrey Kirkpatrick, Michael Wulff, Omar Esqueda, and Ashlee McFall

Johan Pietila
Brett Baumann
Jackson County Counsel
10 S. Oakdale Avenue Rm 214
Medford, OR 97501
pietiljr@jacksoncounty.org
baumanbb@jacksoncounty.org
Attorneys for Defendants Jackson County, Nathan Sickler, and Brian Kolkemo

DATED:  February 27, 2023                LEDUC MONTGOMERY LLC

By: /s/ Alicia LeDuc Montgomery
**Alicia LeDuc Montgomery, OSB #173963**
alicia@leducmontgomery.com
(503) 500-5695

*Attorney for Plaintiff John Lee Malaer*

20 – **MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**