**ALICIA LEDUC MONTGOMERY, OSB 173963**
Email: alicia@leducmontgomery.com
**LEDUC MONTGOMERY LLC**
2210 W Main Street, Suite 107 #328
Battle Ground, Washington 98604
Telephone: (503) 500-5695
www.leducmontgomery.com

**MICHELLE R. BURROWS, OSB 861606**
Email: michelle.r.burrows@gmail.com
**LAW OFFICE OF MICHELLE R. BURROWS P.C.**
16869 SW 65th Ave. #367
Lake Oswego, Oregon 97035
Telephone: (503) 241-1955
www.oregoncivilrights.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOHN LEE MALAER,<br><br>  Plaintiff,<br><br>v.<br><br>GEOFFREY KIRKPATRICK, an individual; MICHAEL WULFF, an individual; OMAR ESQUEDA, an individual; ASHLEY MCFALL, an individual; CITY OF MEDFORD, a government agency; JACKSON COUNTY, a government agency; NATHAN SICKLER, in his individual and official capacity; and BRIAN KOLKEMO, an individual,<br><br>  Defendants. | Case No. 1:20-cv-00049-CL<br><br>**PLAINTIFF'S STATUS REPORT ON DISCOVERY** |

1 – **PLAINTIFF'S STATUS REPORT ON DISCOVERY**

On March 2, 2023, Plaintiff received copies of discovery documents from the Klamath County District Attorney's Office, including the Kirkpatrick Report. Plaintiff sent a copy of the received discovery and this Status Report to Defendants prior to filing this report with the Court.

1. This Court allowed Plaintiff to file a First Amended Complaint and extended discovery to January 31, 2023. (Doc. 141).

2. Plaintiff served Requests for Production of Documents on all Defendants. Almost all the requested documentation was provided. The parties took 17 depositions in December 2022 and January 2023. *See generally, Plaintiff Status Report of January 24, 2023* (Doc. 162).

3. The City of Medford Police Department (MPD) conducted an Internal Affairs (IA) investigation of Plaintiff's July 19, 2019 arrest based on a verbal complaint made to an MPD Sergeant and written complaints filed by Plaintiff. The City provided a list of documents relied on by the MPD investigator, including Body Cam footage. The City did not provide the investigator's final report, the Kirkpatrick Report, claiming state law privilege. (Doc. 162).

4. Jackson County conducted a separate internal affairs investigation, and Oregon State Police conducted a criminal investigation, of the events occurring in the jail on July 19-20, 2019. Plaintiff received all the documents regarding both the Jackson County and OSP investigations, except the Kirkpatrick Report.

5. MPD provided copies of the Kirkpatrick Report to Jackson County, the Oregon State Police, the Jackson County DA, and the Klamath County DA in 2019. Jackson County and OSP witnesses testified the Kirkpatrick Report was relied upon in their investigations.

6. The City objected to providing the Kirkpatrick Report to Plaintiff. This Court conducted an *in camera* review determining the Kirkpatrick Report was not probative

2 – **PLAINTIFF'S STATUS REPORT ON DISCOVERY**

and had little relevancy to the litigation that did not outweigh the needs of the City. The court found the report protected by Oregon state law privilege. (Doc. 159).

7. On or about November 7, 2022, Plaintiff issued subpoena duces tecum to the Oregon State Police (OSP) and Klamath County DA, and issued further subpoenas on December 29, 2022 to the Oregon Department of Justice (DOJ) and the Jackson County DA. Plaintiff sought all files relevant to the investigation of complaints made by Mr. Malaer and any prosecution review of individuals. Copies of the Subpoenas were served on all Defendants November 7 and December 29, 2022. *Declaration Alicia LeDuc Montgomery.*

8. No party timely filed an objection nor moved to quash any subpoena. Plaintiff received copies of documents from OSP and Jackson County DA, forwarding them to Defendants.

9. On several occasions Jackson County advised Plaintiff it did not have a copy of the Klamath County DA's charging decision letter regarding the prosecution of Defendant Kolkemo. Jackson County waited on Klamath County's response to Plaintiff's subpoena to obtain a copy of the letter and associated charging file. *Declaration of Alicia LeDuc Montgomery.*

10. On November 7, 2022, Klamath County DA's Office called Plaintiff's counsel advising Klamath County "doesn't have these records in their files" and the County's records were "not showing anything about this matter." Klamath County advised former District Attorney Eve Costello recently resigned and "was not the greatest" at keeping records. Klamath County advised the person handling the subpoena response was on leave and would review Costello's emails and respond to Plaintiff when they returned. *Declaration of Alicia LeDuc Montgomery.*

11. Plaintiff informed Defendants of the information received from Klamath County DA.

3 – **PLAINTIFF'S STATUS REPORT ON DISCOVERY**

12. Jackson County found the Klamath County DA's charging decision in their own files and forwarded it to Plaintiff just prior to the November 22, 2022 Rule 16 conference on the Kirkpatrick Report.

13. The Jackson County DA provided several documents except the Kirkpatrick Report. Oregon State Police provided all of their investigative file with the exception of the Kirkpatrick Report. Copies of all the discovery received from the subpoena were provided to the Defendants. *Declaration of Alicia LeDuc Montgomery.*

14. As part of a conferral process at the close of discovery, the City Attorney agreed to file a Motion to Quash the production of the Kirkpatrick Report. The Motion to Quash was filed with this Court on February 1, 2023. The Motion to Quash was directed only at the subpoenas to the Oregon State Police and the Oregon Department of Justice. No Motion to Quash was filed by any party against the Klamath County subpoena. (Doc. 165). *Declaration Michelle Burrows.*

15. On February 13, 2023, Plaintiff's counsel spoke with the Klamath County DA's Office who advised the IT staff member had returned from leave, apologizing for the delay. Klamath County DA's Office advised it would contact Plaintiff with more information regarding a response to the subpoena.

16. This court ruled on February 27, 2023 Plaintiff should "cease and desist" from any further efforts to obtain the Kirkpatrick Report. (Doc. 169). The Court relied *sua sponte* on a different privilege than had been previously raised.

17. On March 2, 2023, Plaintiff received an email from Klamath County DA's Office containing documents in response to the earlier subpoena. The production included some emails between Klamath County and Jackson County and the Kirkpatrick Report. The discovery received from Klamath County DA and this Status Report were provided to Defendants prior to the filing of this report.

4 – **PLAINTIFF'S STATUS REPORT ON DISCOVERY**

18. No party, including MPD, filed any motion or filed any formal objection to the Klamath County subpoena.

19. [Redacted]

[Redacted]. Sgt. Kirkpatrick authored a separate IA Disposition Letter finalizing his findings. *Declaration of Michelle Burrows, Ex. 1 (IA Disposition Letter).*

20. [Redacted] the contents of the IA Disposition Letter as well as Kirkpatrick's deposition testimony. In the Disposition Letter Sgt. Kirkpatrick states he interviewed the involved officers. Officers Wulff and Esqueda denied in depositions they were interviewed by Kirkpatrick. [Redacted] Kirkpatrick writes in the IA Disposition Letter he reviewed the Body Cam footage from the incident [Redacted]

[Redacted]

Dated this 6th day of March 2023.

Respectfully submitted,

/s/Michelle R. Burrows
Michelle R. Burrows OSB86160
Attorney for Plaintiff

5 – **PLAINTIFF'S STATUS REPORT ON DISCOVERY**