IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN LEE MALAER,

        Plaintiff,

    v.

SGT. GEOFFREY KIRKPATRICK, et al,

        Defendants.

Case No. 1:20-cv-00049-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

This is a civil rights case arising out of Plaintiff's encounter with law enforcement on July 11, 2019. Full consent to magistrate jurisdiction was entered on August 16, 2021 (#56).

The case comes before the Court on Plaintiff's Motion for leave to file a second amended complaint (#170). The City of Medford defendants ("the City") and the Jackson County defendants ("the County") oppose the motion. After consideration of the parties' respective positions, and an oral argument held on April 4, 2023, Plaintiff's motion for leave to amend (#170) is GRANTED in part and DENIED in part, as discussed below. Plaintiff shall file a clean copy of the Second Amended Complaint by April 18, 2023.

Discovery shall not be re-opened as a result of this ruling. The City has already filed a Motion for Summary Judgment. Any supplemental briefing that the City would like to provide

in light of the Second Amended Complaint is due on April 28. Plaintiff's Response to the City's Motion for Summary Judgment and supplemental briefing, if any, is due May 19, 2023.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Rule 15(a) creates a liberal policy in favor of granting leave to amend "so that matters may be decided on merit rather than 'bare pleadings.'" *Heffington v. Gordon*, No. 3:16-cv-02079- AC, 2017 U.S. Dist. LEXIS 119425, *2 (D. Or. July 28, 2017) citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In determining whether leave to amend is appropriate, the court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Of all the factors, it is "the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In evaluating prejudice, courts often consider whether "relevant deadlines would have to be continued as a result of the new pleading, the stage of discovery at the time of the amendment, the extent to which additional discovery would have to be conducted and the degree to which amendment may delay the proceedings." *Imblum v. Code Corp.*, 2017 WL 3594569, at *3 (S.D. Cal. Aug. 21, 2017). "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under rule 15(a) in favor of granting leave to amend." *Knight v. Curry Health Dist.*, No. 1:15-CV-01851-CL, 2016 WL 5719686, at *1 (D. Or. Sept. 29, 2016) (citing *Eminence Capital, LLC*, 316 F.3d at 1052).

Additionally, Rule 15(c) provides that an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

## BACKGROUND

Plaintiff filed his original, *pro se* complaint on January 9, 2020. At Plaintiff's request, the Court attempted to appoint pro bono counsel to assist Plaintiff with his lawsuit, but that attempt was unsuccessful (*see* dkt. ## 15, 16, 23). Shortly thereafter, the City of Medford moved to stay the case pending the outcome of Plaintiff's related criminal proceedings. That motion was granted, and the case was stayed from April 1, 2020, to July 14, 2021. After the stay was lifted, several telephonic status conferences were held in the Summer and Fall of 2021 as the Court attempted to assist Plaintiff with his prosecution of the case and his pursuit of the appropriate discovery.

The City and the County each filed a motion for summary judgment (#78, #83) on January 18, 2022. Several motions to extend the time to respond and reply to these motions were granted. Shortly after the motions were briefed, a Notice of Appearance was filed by Plaintiff's

counsel. A 60-day stay was entered so that Plaintiff's counsel could review the case. Plaintiff then moved to amend his complaint and re-open discovery; the Court granted these motions on September 28, 2022.

Since that time, the parties have engaged in depositions and other discovery. The re-opened discovery period closed on January 31, 2023. The Motion for Leave to File a Second Amended Complaint was filed on February 27, 2023, and an expedited hearing was requested. The City objected to the expedited hearing request, and the Court denied the request. The City then filed a Motion for Summary Judgment on March 13, 2023.

## DISCUSSION

### I.  Plaintiff's Motion for Leave to File a Second Amended Complaint is GRANTED in part.

The Court has conducted a close review of the proposed Second Amended Complaint and compared it to the currently operative First Amended Complaint (#144). Plaintiff asserts that the "purpose in proposing the amendments is to clearly articulate and streamline Plaintiff's allegations and the claims at issue, and conform the pleadings to the testimony, video, and documentary evidence provided by the City and County Defendants and third-party witnesses to focus the case for resolution." The Court finds this to generally be the case. Plaintiff withdraws a number of claims and adds and refines factual allegations based on the discovered evidence, all of which is perfectly acceptable and serves the interest of all of the parties and the interests of justice and efficient litigation. The Court finds no bad faith, undue delay, prejudice to the opposing party, or futility in the amendments, except as discussed below.

### II.  Plaintiff's Motion for Leave to File a Second Amended Complaint is DENIED in part.

**a.  Leave to amend and add a *Monell* claim against the City of Medford is denied.**

Plaintiff asserts that the proposed amendments "clarif[y] the *Monell* claims against both the City and County defendants," "by separately and more clearly articulating the *Monell* claims and their bases, and based on further evidence obtained in discovery." This specific change is more vigorously opposed by the City, and it warrants a closer analysis.

First, while Plaintiff has always included the City of Medford as a named defendant in this case, the First Amended Complaint did not identify or allege a specific *Monell* claim against City. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) (Claims against a municipality cannot be based on claims of *respondeat superior* but rather must be based on any custom, practice or policy which is the motivating factor in the Constitutional violations claimed). The proposed Second Amended Complaint does assert a *Monell* claim against the City of Medford, alleging:

> 162. The City of Medford has developed policies concerning the regulation of homeless individuals by law enforcement, including the development and enforcement of exclusion zones, frequent arrests for low-level crime, park sweeps to remove homeless housing camps, requiring law enforcement review and permission for homeless people to access City homeless shelters, labelling arrestees as "transient" on citations without confirming whether the person is homeless, pressuring local hotels and businesses not to accommodate local residents in need of short-term shelter, and offering one-way bus passes or transportation out of the City to homeless people in lieu of receiving a citation, all designed to remove individuals perceived to be homeless from Medford and encourage them to leave the City.
>
> 163. The City of Medford Police Department has been tasked with conducting much of the enforcement of the City policies designed to remove homeless individuals from Medford. The City of Medford Police Department expanded its Livability Team which is designed to deal with individuals who have no homes or access to services. Furthermore, the City Manager has indicated a bias in favor of local businesses and working to remove homeless individuals from the downtown core area of the City.

> 165. All of the above conduct directed to Mr. Malaer was in accord with the formal or informal custom, policy, or practice of Medford Police Department.
>
> 166. The arrest of Mr. Malaer was motivated and authorized by the policy, custom, or practice of arresting individuals who were homeless for minor crimes and removing them from the view of the public.
>
> 167. The City of Medford has a policy, custom or practice of tracking individuals who have been cited by name and crime. Once an individual is cited for three different code violations that individual is excluded from downtown Medford, designated the "Exclusion Zone."
>
> 168. The policies of the City of Medford which were the motivating impetus for the arrest of Plaintiff include:
>    a. The policy, custom, or practice of arresting individuals identified as homeless for low level crimes or contrived crimes to simply remove the individual from the streets;
>    b. The policy, custom, or practice of intentionally citing individuals for low level or contrived code violations in order to exclude them from the core downtown area;
>    c. The policy, custom, or practice of punishing homeless individuals simply for being poor through frequent arrests and confiscation and/or damage to property.

These claims fall outside the scope of the previously alleged claims against the City of Medford. While the Court does not find that they are made in bad faith, the presence of the other three factors, undue delay, prejudice, and futility, all weigh against allowing amendment.

First, while the Court understands that Plaintiff has been in communication with the defendants about some of these amendments, the delay in seeking leave to amend from the Court is undue as to this claim. On September 28, 2022, the Court granted Plaintiff leave to file the First Amended Complaint and reopened discovery, over the objections of the defendants. Discovery was set to close on December 30, 2022, but the Court granted an extension to January 31 to allow the parties to conduct depositions, stating that "absent extraordinary circumstances and good cause shown, no further extensions of case deadlines will be granted." (#158). While a

motion for leave to file an amended complaint is not necessarily unduly delayed when it is sought after the close of discovery, in this case, the Court has already foreclosed the possibility of re-opening discovery and extending case deadlines without good cause, which has not been shown in this case for these specific allegations.

Second, the claims alleged above would be prejudicial if allowed to be plead without re-opening discovery. In the First Amended Complaint, the claims against the City were focused on Plaintiff's First Amendment and ADA violation claims, and the City's focus in discovery understandably followed suit. Allowing new claims focused on the City's policies and procedures as to homeless individuals would entirely shift the focus and the scope of the case against the City, causing unfair prejudice by forcing the City to defend against these claims without the benefit of discovery.

Third, the allegations above seek to frame the City's actions in this case as part of a larger policy or practice that targets homeless individuals for over-enforcement by Medford police officers. However, Plaintiff does not allege that Plaintiff was homeless at the time of his arrest, and he alleges that at least some of the officers at the scene of his arrest knew that he was not homeless. Plaintiff does not allege that he was subject to exclusion from the "Exclusion Zone" based on the alleged City policy or practice. Therefore, the *Monell* claim is futile because it does not properly relate to the Plaintiff's specific constitutional claim, and it falls outside the scope of the previously alleged claims in this case.

Because the proposed *Monell* amendments against the City are unduly delayed, prejudicial, and futile, the motion for leave to amend is DENIED as to these allegations.

**b. Leave to amend and add allegations against Deputy Fuhrman is DENIED.**

Plaintiff seeks to add allegations regarding his treatment at the Jackson County Jail. The County defendants specifically object to the addition of allegations to Plaintiff's Seventh Claim for Relief – Battery, asserting that "Deputy Furhman engaged in acts which caused harmful or offensive touching of Mr. Malaer, including but not limited to… Deputy Furhman pushing Mr. Malaer's head down and holding it to his legs as a paraplegic with a spine injury and yanking on Mr. Malaer's arms while Mr. Malaer was already restrained." Deputy Furhman is not named as a defendant in this case, and he has not been previously named as a tortfeasor for whom the County is liable. This new addition is unduly delayed and prejudicial for the same reasons discussed above, namely that discovery has closed, and it would be prejudicial for the County to have to defend against these allegations without the benefit of discovery. Leave to amend to include the allegations against Deputy Furhman is DENIED.

## ORDER

Plaintiff's motion for leave to file a second amended complaint (#170) is GRANTED in part and DENIED in part. Plaintiff must eliminate the *Monell* claim and related allegations against the City of Medford, and the allegations against Deputy Furhman. A clean copy of the Second Amended Complaint shall be filed by April 18, 2023. City Defendants may file a supplement to their Motion for Summary Judgment, if any, by April 28, 2023. Plaintiff's Response is due May 19, 2023.

IT IS SO ORDERED and DATED this 13 day of April, 2023.

MARK D. CLARKE
United States Magistrate Judge