ERIC B. MITTON, OSB No. 065925
ALICIA M. WILSON, OSB No. 103397
City of Medford
411 W. 8th Street, Room 260
Medford, OR 97501
(541) 774-2020
Fax: (541) 774-2567
eric.mitton@cityofmedford.org
alicia.wilson@cityofmedford.org
Of Attorneys for City Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOHN LEE MALAER,<br><br>Plaintiff,<br><br>vs.<br><br>GEOFFREY KIRKPATRICK, an individual; MICHAEL WULFF, an individual; OMAR ESQUEDA, an individual; ASHLEY MCFALL, an individual; CITY OF MEDFORD, a government agency; JACKSON COUNTY, a government agency; NATHAN SICKLER, in his individual and official capacity; and BRIAN KOLKEMO, an individual,<br><br>Defendants. | Case No. 1:20-cv-00049-CL<br><br>**MOTION TO REQUIRE DESTRUCTION OF PROTECTED RECORD AND TO PROHIBIT FURTHER USE OF THE PROTECTED RECORD**<br><br>By: City Defendants<br><br>*Filed pursuant to protective order* |

### LR 7-1 Conferral

Plaintiffs assert that a draft status report and the documents discussed therein "were provided to Defendants prior to filing the report," (LeDuc Montgomery declaration) at least implying an attempt to confer prior to filing.  This is misleading.  Although Plaintiff's counsel

PAGE 1- MOTION TO REQUIRE DESTRUCTION AND PREVENT FURTHER USE

apparently had the document at issue in their possession for five days (LeDuc Montgomery declaration, paragraph 11), the first warning or notice that Plaintiff's counsel provided to Defendants' counsel of this issue was an email just two minutes prior to Plaintiff filing its "status report" and two declarations in the Court's open docket.

As soon as Defendants' counsel saw what had been filed in the Court's record, Defendants' counsel immediately reached out to Plaintiff's counsel via both telephone and email. At the undersigned's request, Ms. Burrows agreed to contact the Court and have the documents changed to "under seal" because they discussed the contents of the Kirkpatrick IA report. However, Plaintiff's counsel refused any other remedy regarding the record at issue and intends to use it in the litigation going forward, prompting this motion.

## Motion

Based upon this Court's two prior Orders regarding the Kirkpatrick internal affairs report, the City Defendants seek relief from this Court requiring that Plaintiff's counsel destroy all copies of this record, disclose to the Court anyone besides Ms. Burrows and Ms. Leduc Montgomery who has been provided a copy of the record, and an order prohibiting the record's use in litigation.

The City Defendants further request this Court take any other corrective action it deems necessary to protect the validity of its Orders.

## Points and Authorities

### I.    The record was obtained in violation of two Court Orders.

On November 10, 2022, consistent with this Court's direction to raise discovery issues through informal means, the City Defendants requested a hearing on Plaintiff's attempts to obtain the Kirkpatrick internal affairs report from the City and certain third parties. After an *in camera*

review of the document at issue, in a formal Order dated December 2, 2023, this Court held that "the Narrative report is not discoverable".

After Plaintiff's counsel disregarded the prior Order and continued to pursue the internal affairs file and information about it, the City Defendants filed a formal motion on the issue on January 31, 2023.  Plaintiff asserts in the recently-filed documents that the subpoena to Klamath County was outside of the scope of the recent motion and order before the Court, and that that motion and order only dealt with subpoenas to Oregon State Police and the Department of Justice.  This is simply not true.  The motion the City filed on January 31, 2023 stated:

> The City Defendants seek an Order confirming that this Internal Affairs narrative report is not discoverable to Plaintiff, that Plaintiff may not depose any person about the protected IA report, and that <u>all requests in subpoenas to third parties requesting the IA report (now or in the future) are quashed</u>.

(Emphasis added).  The Court's Order of February 24, 2023 then stated:

> <u>Any subpoenas to third parties</u> are quashed, and Plaintiff must cease and desist from requesting discovery of the Narrative Report <u>from all sources</u>.

(Emphasis added).  As Ms. LeDuc Montgomery's own declaration states, Klamath County provided documents excluding the Kirkpatrick IA report in November 2022.  At that time, Defendants' counsel had no reason to think that Klamath County had the document at issue.

However, unbeknownst to Defendants' counsel, Plaintiff's counsel engaged in further discussions with Klamath County on February 13, 2023, after discovery in this case had closed, and while the above-quoted motion was pending.[1]  Plaintiff's counsel did not warn the Defendants'

---

[1] The LeDuc Montgomery declaration is not clear on whether Klamath County or Plaintiff's office recommended these discussions.  Ultimately, it does not matter.  Plaintiff's counsel were engaged in new discussions on a subpoena recipient after telling Defendants' counsel that the subpoena recipient had nothing further, and never notified the subpoena recipient of an Order quashing the subpoena.

PAGE 3- MOTION TO REQUIRE DESTRUCTION AND PREVENT FURTHER USE

counsel that such discussions had recommenced, and clearly did not tell Klamath County personnel that the subpoena was subject to a pending motion to quash. Plaintiff's counsel also did not tell Klamath County after this Court's Order of February 24, 2023 issued that the subpoena had been quashed as to this document, and Defendants' counsel still had no idea that discussions with Klamath County had recommenced. Furthermore, Plaintiff's counsel read the privileged document, filed documents in open court analyzing its contents while refusing to acknowledge that this Court has twice ruled that the document is not discoverable.

The requested relief is necessary to uphold the Court's prior orders. The Court has broad discretion under Fed. R. Civ. P. 37 when a party fails to obey a court order regarding discovery. *Mikhitaryan v. U.S. Bank,* 2013 WL 557275 (Nv. Dist.)(unreported), *1, citing *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976). Rule 37 allows for the authorization of any remedy the court determines is "just" when a party fails to obey a court order. *See Marquis v. Chrysler Corp.,* 577 F.2d 624, 641-642 (9th Cir. 1978) (awarding the payment of reasonable expenses for the failure to obey a court order to produce documents). In appropriate situations, the Court may find that a severe sanction is necessary to prevent some benefit to the sanctioned party. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 639 (1976) (finding that extreme sanction of dismissal was appropriate based upon findings of respondents' "flagrant bad faith" and their counsel's "callous disregard of responsibilities"). Ultimately, this Court has broad discretion to craft a remedy that is appropriate to the totality of the circumstances.

From conferral, it is understood that Plaintiff's counsel will argue that they did not know that Klamath County might have the internal affairs file and that actually obtaining the internal affairs file from Klamath County was a surprise to everyone. However, in response to the City's

motion to quash on this issue, Plaintiff's counsel submitted a sworn declaration stating that one specific intent of Plaintiff's subpoena to Klamath County was to obtain the internal affairs file:

> Plaintiff issued subpoenas to third parties requesting records relevant to Malaer's arrest and jailing in July 2019, <u>which encompassed the City's Internal Affairs File regarding Malaer's complaints</u>. Subpoenas to Oregon State Police and <u>Klamath County were served on or about November 7, 2022</u>, and subpoenas to Jackson County District Attorney's Office and Oregon Department of Justice were served on or about December 29, 2022.

(Leduc Montgomery declaration of February 14, 2023, paragraph 5 (emphasis added)). Plaintiff's response to the motion to quash was even more direct about Plaintiff's intent with the Klamath County subpoena:

> Plaintiff subpoenaed OSP, Jackson County District Attorney's Office, and <u>Klamath County District Attorney's Office to obtain the City IA File</u>, but the City instructed those entities not to comply, and now seeks to quash the subpoenas.

(Plaintiff's response to motion to quash, page 7 (emphasis added)).  Given such statements, Plaintiff cannot now contend that Plaintiff's subpoena to Klamath County was not for the specific purpose of obtaining the Kirkpatrick IA report and was not subject to the Motion to Quash.

## II.   Plaintiff has no need of the document.

Plaintiff's counsel has confirmed in conferral that the only relevance of the document, in their mind, is what is stated in Plaintiff's status report.



PAGE 5-  MOTION TO REQUIRE DESTRUCTION AND PREVENT FURTHER USE

██████████████████████████████████████████████████
████████████████████████████

████████████████████████ All three of these would constitute impeachment on a collateral matter through extrinsic evidence, which is prohibited in the Ninth Circuit. *Ortiz v. Yates*, 704 F.3d 1026, 1038 (9th Cir. 2012); *United States v. Glazer*, 850 Fed.Appx. 488, 492 (9th Cir. 2021).

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

PAGE 6- MOTION TO REQUIRE DESTRUCTION AND PREVENT FURTHER USE



### III.     This Court should not re-litigate waiver for a third time.

From conferral, the City Defendants understand that Plaintiff may attempt to re-litigate waiver for a third time.  Plaintiff has already argued waiver twice (once in the email briefing of November 22, 2022, leading up to the first Order on this document; once in Plaintiff's February 14, 2023 response to the City's motion to quash leading up to the second Order on this document.  The City's argument on waiver is adopted from the City's motion to quash, pages 6-7, as if fully set forth herein.  The City only sent the document outside of its agency once—when then-Chief Clauson emailed Sheriff Sickler what appears to be an inadvertent forward of the wrong email in a threaded email chain on his smartphone.  These facts are discussed at greater length in the motion to quash.  Any other law enforcement or prosecuting agency that has a copy of the document received it from Jackson County, not from the City of Medford.  The City of Medford did not directly send this document to Klamath County.  The fact that the Klamath County District Attorney's Office also <u>indirectly</u> received this document does not change the waiver analysis that this Court already fully considered in its Order on Defendants' Motion to Quash.

### IV.     Conclusion.

From conferral, the City Defendants understand that Plaintiff wants to re-litigate waiver and relevance for a third time.  This Court has addressed relevance and waiver twice already.  The

issue now should be whether and how the parties comply with the prior Orders, given that Plaintiff has now successfully obtained the document that Plaintiff was never supposed to have. In its second Order on this same issue, this Court, in no uncertain terms, told Plaintiff's counsel to "cease and desist" seeking the Kirkpatrick IA report. After the close of discovery, however, Plaintiff's counsel engaged in additional discussions with Klamath County while the motion on this exact issue was pending, and never told Klamath County (who Plaintiff had subpoenaed "to obtain the City IA File") about either Defendants' Motion to Quash or this Court's Order, thus obtaining the very document this Court told them to "cease and desist" pursuing.

Under these circumstances, Plaintiff's counsel should be required to destroy all copies of the Kirkpatrick IA report in their possession, and report any other individual (including Plaintiff) to whom they provided the protected document. Plaintiff should also be prohibited from pursuing or arguing the issue of the Kirkpatrick IA report further. This Court should take whatever other action it deems necessary to uphold the enforceability of its prior Orders on this issue.

DATED this 13th day of March, 2023.

                                                               MEDFORD CITY ATTORNEY'S OFFICE

/s/ Eric B. Mitton
ALICIA M. WILSON, OSB No. 103397
ERIC B. MITTON, OSB No. 065925
City of Medford
411 W. 8th Street
Medford, OR 97501
Of Attorneys for Defendants City of Medford, Kirkpatrick, Esqueda, Wulff, and McFall.

PAGE 8- MOTION TO REQUIRE DESTRUCTION AND PREVENT FURTHER USE