Lauren Bonds (*pro hac vice application forthcoming*)
legal.npap@nlg.org
National Police Accountability Project
1403 Southwest Blvd.
Kansas City, KS 66103

Eliana Machefsky, (*pro hac vice application forthcoming*)
fellow.npap@nlg.org
National Police Accountability Project
2111 San Pablo Ave., P.O. Box 2981
Berkely, CA 94702

James Keisha, (*pro hac vice application forthcoming*)
keisha.npap@nlg.org
National Police Accountability Project
P.O. Box 56386
Washington, D.C. 20040

J. Ashlee Albies, OSB #051846
ashlee@albiesstark.com
**ALBIES, STARK & GUERRIERO**
1 SW Columbia Street, Ste. 1850
Portland, OR 97204
Phone: (503) 308.4770
Fax: (503) 427.9292

Attorneys for *Amici Curiae* ACLU of Oregon and OJRC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOHN LEE MALAER,<br><br>       *Plaintiff*,<br><br>v. | Case No. 1:20-cv-00049-CL<br><br>REPLY OF NON-PARTY CIVIL RIGHTS ORGANIZATIONS AMERICAN CIVIL LIBERTIES UNION OF OREGON AND OREGON JUSTICE |

PAGE - 1    REPLY OF NON-PARTY CIVIL RIGHTS ORGANIZATIONS AMERICAN
            CIVIL LIBERTIES UNION OF OREGON AND OREGON JUSTICE
            RESOURCE CENTER IN SUPPORT OF THEIR MOTION TO INTERVENE
            FOR THE LIMITED PURPOSE OF MOVING TO UNSEAL JUDICIAL
            RECORDS

|   |   |
|---|---|
| GEOFFREY KIRKPATRICK, an individual; MICHAEL WULFF, an individual; OMAR ESQUEDA, an individual; ASHLEY MCFALL, an individual; CITY OF MEDFORD, a government agency; JACKSON COUNTY, a government agency; NATHAN SICKLER, in his individual and official capacity; and BRIAN KOLKEMO, an individual,<br><br>  *Defendants*. | RESOURCE CENTER IN SUPPORT OF THEIR MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING TO UNSEAL JUDICIAL RECORDS |

The American Civil Liberties Union of Oregon ("ACLU-OR") and Oregon Justice Resource Center ("OJRC") (collectively "Civil Rights Intervenors"), through their undersigned counsel, respectfully submit this reply in response to the City Defendants' opposition to Civil Rights Intervenors' motion to intervene for the limited purpose of unsealing judicial records in this case. ECF No. 238.

The City's response inaccurately characterizes the Civil Rights Intervenors' interests at stake in an attempt to avoid the "compelling reasons" standard for keeping judicial records relating to dispositive proceedings under seal. But the City's attempt to secure the more lenient "good cause" standard fails because the Civil Rights Intervenors' interest in public disclosure extends to records beyond those filed with the City's motion for summary judgment and includes sealed law enforcement records that will likely be filed in connection to Jackson County's anticipated dispositive motion and as exhibits at trial as to all Parties, including the City and County Defendants.

PAGE - 2    REPLY OF NON-PARTY CIVIL RIGHTS ORGANIZATIONS AMERICAN CIVIL LIBERTIES UNION OF OREGON AND OREGON JUSTICE RESOURCE CENTER IN SUPPORT OF THEIR MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING TO UNSEAL JUDICIAL RECORDS

Moreover, the City's argument for keeping the records out of public reach fails even under the "good cause" standard. The public has a presumptive right to access and scrutinize records relating to official misconduct, distinct from Plaintiff's interest in unsealing discoverable records. The City's proffered arguments in support of keeping these records hidden from the public are insufficient to overcome this fundamental right.

## ARGUMENT

I. **The Civil Rights Intervenors' and the Public's Interest in the Sealed Records Extends Beyond the Court's Decision on the City's Motion for Summary Judgment and the Kirkpatrick Report.**

The City misleadingly claims the Medford Police Department's internal affairs report authored by Defendant Kirkpatrick (the "Kirkpatrick Report") is the only sealed document Civil Rights Intervenors and the public have interest in unsealing. This is inaccurate. To the contrary, the briefing regarding the Kirkpatrick Report's confidentiality status includes multiple exhibits that remain under seal. *See*, *e.g.*, ECF Nos. 198, 199, and 200. Several of these exhibits appear to be Jackson County records regarding the abuse Plaintiff endured in the jail and communications between the County and City agents concerning Plaintiff. Civil Rights Intervenors have had a glimpse of the jail abuse Plaintiff endured as Plaintiff's Complaint—and the still-shots from jail security cameras embedded within it—was not filed under seal. *See* ECF No. 209 at ¶¶ 107 – 128. Considering the magnitude of abuse indicated by this public filing, the City and County's desire to hide additional records from public view suggests that the full extent of the abuse was much greater, and the sealed records even more condemning, than what is already revealed in the public docket. These records, in addition to the Kirkpatrick Report, concern issues of utmost public concern: law enforcement institutions' treatment of civilians in their custody and the

PAGE - 3
    REPLY OF NON-PARTY CIVIL RIGHTS ORGANIZATIONS AMERICAN
    CIVIL LIBERTIES UNION OF OREGON AND OREGON JUSTICE
    RESOURCE CENTER IN SUPPORT OF THEIR MOTION TO INTERVENE
    FOR THE LIMITED PURPOSE OF MOVING TO UNSEAL JUDICIAL
    RECORDS

seriousness with which they investigate allegations of officer misconduct. The City's and County's fears of facing public scrutiny should these records reveal gross misconduct, or their coordinated efforts to downplay misconduct or bad behavior, do not constitute good cause sufficient to keep the truth hidden. The "[c]ourt must refuse requests to engage in damage control on behalf of the Defendants." *Macias v. Cleaver*, No. 1:13-cv-01819-BAM, 2016 U.S. Dist. LEXIS 85529, at *14 (E.D. Cal. June 30, 2016).

The City also misconstrues the public's interest in the sealed records as rising and falling with the City's motion for summary judgment and any related filings. The City's pending motion aside, Civil Rights Intervenors anticipate additional dispositive stages of this case that will rely on the sealed records, implicating the same public interests at issue here. First, Civil Rights Intervenors anticipate Defendant Jackson County will file its own motion for summary judgment, as it requested an extension of time to file a dispositive motion and its September 28, 2023 filing deadline has not yet passed. *See* ECF Nos. 163 and 164. The County's motion will undoubtedly rely on evidence currently under seal, including the Jackson County records discussed above concerning Plaintiff's abuse in the jail, which are currently under seal. Second, as the Court itself has determined, the Kirkpatrick Report may be admissible evidence at trial. *See* ECF No. 206 at 6 – 7. There are apparently notable inconsistencies between Defendant Kirkpatrick's statements in the final disposition report and his statements in the Kirkpatrick Report, which was created prior to the final disposition report. *Id*. at 6. As the Court recognized, Plaintiff will need to introduce the Kirkpatrick Report itself if he wants to impeach Defendant Kirkpatrick with those inconsistent statements. *Id*. This will be true, whether Defendant Kirkpatrick is called as a Defendant or as a fact witness. The anticipated use of the sealed records

as exhibits in the dispositive stages of the litigation demonstrate the ongoing nature of the public's weighty interest in disclosure.

## II. Regardless of Whether Any of the Sealed Documents Support Summary Judgment, the City has Not Carried Its Burden to Bar Public Access.

Contrary to the City's assertion, Civil Rights Intervenors do not premise their right to access sealed records on the fact that they support a summary judgment motion. The public has a well-established right to access judicial documents that are historically open to the public and support the proper functioning of government processes. While records supporting and opposing summary judgment motions are one category of documents historically open to the public, "all information filed with the court" has generally been publicly accessible. *Phillips v. GMC*, 307 F.3d 1206, 1212 (9th Cir. 2002). As Civil Rights Intervenors argued in their motion to intervene, courts have found sealed documents related to police conduct filed in a range of court proceedings—not just summary judgment—can be accessed by the public. ECF No. 237 at 9. The City's focus on summary judgment is both a misrepresentation of Civil Rights Intervenors' motion and a distraction from the case law.

The City is correct that the Ninth Circuit has recognized different standards apply to attempts to block public access to dispositive motion records vis-a-vis records related to other matters. As previously discussed, the records that Civil Rights Intervenors are seeking will likely be used to support dispositive motions and accordingly, government defendants should be required to prove a compelling reason to keep the documents from being disclosed. But even if the Court finds the good cause standard applies, the City has not met its burden to block public access. The City's raises a three-part "good cause" argument: (1) the Court has already weighed

PAGE - 5
      REPLY OF NON-PARTY CIVIL RIGHTS ORGANIZATIONS AMERICAN CIVIL LIBERTIES UNION OF OREGON AND OREGON JUSTICE RESOURCE CENTER IN SUPPORT OF THEIR MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING TO UNSEAL JUDICIAL RECORDS

the Plaintiff's interest in disclosure against the Defendants' interests in keeping the documents confidential; (2) certain alleged misconduct detailed in the sealed documents did not occur; and (3) police officers will not accurately report their conduct if the public might be able to access reports at a later date. None of these reasons amount to good cause.

*First*, the Court's prior balancing of the Plaintiff's and Defendants' competing interests has no bearing on the Civil Rights Intervenors' motion. Civil Rights Intervenors detailed their specific reasons for accessing the documents as well as the public's interest in knowing the details of alleged law enforcement misconduct and how police departments handle misconduct investigations—interests that are distinct from the interests of either party. ECF No. 237. The entire premise behind Rule 24 of the Federal Rules of Civil Procedure is that intervenors have a stake in the outcome of a proceeding that differs from the parties. The Court has not had the opportunity to consider the unique interests of Civil Rights Intervenors and the public in past decisions about whether to produce the records or keep them under seal. Thus, the fact that the Court has previously ruled on questions of the accessibility of records prior to this request to intervene is not a good cause reason to deny the Civil Rights Intervenors' motion.

*Second*, the City argues that certain alleged misconduct detailed in sealed records never occurred and is no longer a subject of the lawsuit. It is unclear why this is cause to keep the records closed. To the extent the City is concerned that releasing the records will result in the dissemination of misinformation, the City could simply share the video that contradicts the written narrative. If the City is arguing the records should not be accessible because they are not relevant to pending claims, courts have not distinguished between relevant and irrelevant records

PAGE - 6

REPLY OF NON-PARTY CIVIL RIGHTS ORGANIZATIONS AMERICAN CIVIL LIBERTIES UNION OF OREGON AND OREGON JUSTICE RESOURCE CENTER IN SUPPORT OF THEIR MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING TO UNSEAL JUDICIAL RECORDS

in determining whether to unseal records. All records are presumptively open. The inaccuracy or irrelevance of the record in question is not cause to keep it sealed.

*Finally*, the City puts forth a policy argument that disclosure will undermine "candor," "cooperation," and "self-critical analysis." ECF No. 239. In a nutshell, they are arguing law enforcement officers will not tell the truth about their conduct and that the internal affairs department will not zealously investigate police misconduct if the public can access officer statements in the future. Courts across the country have consistently rejected these arguments, finding instead that the possibility of public access will improve officer honesty and bolster the integrity of internal affairs systems. *See McGee v. City of Chicago*, 2005 U.S. Dist. LEXIS 30925, at *13 (N.D. Ill. June 23, 2005) ("the effectiveness of the [police department's] internal investigations is strengthened by public review of [Compliant Register] files produced in civil rights litigations"); *Mercy v. Suffolk County*, 93 F.R.D. 520, 522 (E.D.N.Y. 1982); *Wood v. Breier*, 54 F.R.D. 7, 12-13 (E.D. Wis. 1972).

As the Eastern District of New York explained, "[I]f the fear of disclosure in civil rights lawsuits does have some real effect on officers' candor, the stronger working hypothesis is that fear of disclosure is more likely to increase candor than to chill it." *King v. Conde*, 121 F.R.D. 180, 193 (E.D.N.Y. 1988). The Northern District of California similarly reasoned that there is a "real possibility that officers working in closed systems will feel less pressure to be honest than officers who know that they may be forced to defend what they say and report." *Kelly v. San Jose*, 114 F.R.D. 653, 665 (N.D. Cal. 1987). Other courts have given far more credit to the professionalism of law enforcement officers than the City has done, finding that police officers will tell the truth and conduct thorough investigations into misconduct regardless of whether

PAGE - 7         REPLY OF NON-PARTY CIVIL RIGHTS ORGANIZATIONS AMERICAN CIVIL LIBERTIES UNION OF OREGON AND OREGON JUSTICE RESOURCE CENTER IN SUPPORT OF THEIR MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING TO UNSEAL JUDICIAL RECORDS

their reports are publicly accessible or remain closed. *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997) ("[T]his [c]ourt agrees with its distinguished colleague in New York, … that the threat of future disclosure of this type of information in civil rights litigation is probably not of great import to the officers at the time they file their reports.") (internal citation omitted). In contrast, Civil Rights Intervenors have not been able to locate a case where the Court blessed a speculative argument that the possibility of public disclosure would undermine officer truthfulness or compromise internal affairs investigations. In addition to lacking case law to support its claims, the City has not offered any empirical, or even anecdotal, evidence for its arguments. Indeed, as the Lieutenant of the City of Medford Community Engagement Division, it is counter-intuitive that Defendant Kirkpatrick would seek to suppress his reporting of Medford policing on community engagement issues. The City has failed to carry its burden of showing good cause to keep the records sealed. Accordingly, this Court should grant Civil Rights Intervenors' motion regardless of whether the documents sought will be used in support of a dispositive motion.

## CONCLUSION

For the foregoing reasons, the American Civil Liberties Union of Oregon and Oregon Justice Resource Center respectfully ask this Court to grant their motion to intervene to unseal the judicial records in this case.

DATED this 29th day of August 2023.

/s/ Lauren Bonds_____
Lauren Bonds (*pro hac motion application forthcoming*)

PAGE - 8
REPLY OF NON-PARTY CIVIL RIGHTS ORGANIZATIONS AMERICAN CIVIL LIBERTIES UNION OF OREGON AND OREGON JUSTICE RESOURCE CENTER IN SUPPORT OF THEIR MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING TO UNSEAL JUDICIAL RECORDS

legal.npap@nlg.org
National Police Accountability Project
1403 Southwest Blvd.
Kansas City, KS 66103

Eliana Machefsky, (*pro hac vice motion forthcoming*)
fellow.npap@nlg.org
National Police Accountability Project
2111 San Pablo Ave., P.O. Box 2981
Berkely, CA 94702

James Keisha, (*pro hac vice application forthcoming*)
keisha.npap@nlg.org
National Police Accountability Project
P.O. Box 56386
Washington, D.C. 20040

J. Ashlee Albies, OSB #051846
ashlee@albiesstark.com
**ALBIES, STARK & GUERRIERO**
1 SW Columbia Street, Ste. 1850
Portland, OR 97204
Phone:  (503) 308.4770
Fax:  (503) 427.9292

Attorneys for *Amici Curiae* ACLU of Oregon and OJRC

PAGE - 9
REPLY OF NON-PARTY CIVIL RIGHTS ORGANIZATIONS AMERICAN CIVIL LIBERTIES UNION OF OREGON AND OREGON JUSTICE RESOURCE CENTER IN SUPPORT OF THEIR MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING TO UNSEAL JUDICIAL RECORDS