JOHAN R PIETILA, OSB #151373
pietiljr@jacksoncounty.org
BRETT BAUMANN, OSB #085947
baumanba@jacksoncounty.org
Jackson County Counsel
10 S. Oakdale Avenue Rm 214
Medford, OR 97501
Telephone: (541) 774-6160
Facsimile: (541) 774-6722
*Attorneys for County Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOHN LEE MALAER, | Case No. 1:20-CV-00049-CL |
| Plaintiff, | |
| v. | COUNTY DEFENDANTS' AMENDED ANSWER TO SECOND AMENDED COMPLAINT |
| SGT. GEOFFREY KIRKPATRICK, OFC. OMAR ESQUEDA, OFC. MICHAEL WULFF, OFC. ASHLEE SCOTTOW, CITY OF MEDFORD, JACKSON COUNTY, NATHAN SICKLER, and BRIAN KOLKEMO | |
| Defendants. | |

In response to the Second Amended Complaint ("Complaint"), Defendants Sheriff Nathan Sickler, Brian Kolkemo, and Jackson County ("County Defendants") respectfully admit, deny, and allege as follows:

1.

With regard to Section 1, Paragraphs 1, 2, 3, and 4, of the Complaint, the section entitled "Introduction," to the extent factual allegations are made therein that relate to County Defendants, County Defendants deny the same. With regard to the remainder of Paragraph 1, to the extent legal conclusions or factual allegations are made therein that relate to defendants other than County Defendants, County Defendants are without knowledge or information sufficient to form a belief as to the truth of the legal conclusions or remaining allegations and therefore deny the same.

2.

With regard to Paragraph 5 of the Complaint, the section entitled "Jurisdiction," County Defendants admit that this Court has jurisdiction over County Defendants to resolve the claims raised in Plaintiff's Complaint in accordance with 42 U.S.C. §1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. §1367.

With regard to the remainder of Paragraph 5, to the extent any other legal conclusions or factual allegations are made, County Defendants deny the same.

3.

With regard to Paragraph 6, the section entitled "Venue," County Defendants admit that venue is appropriate in this Court as to County Defendants.

With regard to the remainder of Paragraph 6 of the Complaint, to the extent any other legal conclusions or factual allegations are made, County Defendants deny the same.

4.

With regard to Paragraphs 7, 8, 9, 10, 11, 12, 13, 14, and 15, the section entitled "Parties," County Defendants admit that:

The City of Medford is a municipality in the State of Oregon, and a public entity;

Jackson County is a county in Oregon, and a public entity;

Jackson County receives federal financial assistance;

Brian Kolkemo is employed by Jackson County in the Sheriff's Department and was on duty July 11, 2019;

Nathan Sickler is the Jackson County Sheriff, and was the Jackson County Sheriff on July 11, 2019.

With regard to the remainder of Paragraphs 7, 8, 9, 10, 11, 12, 13, 14, and 15, to the extent any other legal conclusions or factual allegations are made therein, County Defendants are without information or knowledge sufficient to form a belief and therefore deny the same.

5.

With regard to Paragraphs 16, 17, 18, 19, 20, 21, 22, 23, and 24, County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, to the extent legal conclusions or factual allegations are made therein, County Defendants deny the same.

6.

With regard to Paragraph 25, County Defendants admit that Brian Kolkemo was

employed by Jackson County in July 2019. With regard to the remainder of Paragraph 25 of the Complaint, to the extent any other legal conclusions or factual allegations are made therein, County Defendants are without information or knowledge sufficient to form a belief and therefore deny the same.

7.

With regard to Paragraph 26, County Defendants admit that Nathan Sickler is and was the Jackson County Sheriff in July 2019. With regard to the remainder of Paragraph 26 of the Complaint, to the extent any other legal conclusions or factual allegations are made therein, County Defendants are without information or knowledge sufficient to form a belief and therefore deny the same.

8.

With regard to Paragraph 27, County Defendants admit.

9.

With regard to Paragraphs 28 through 106, County Defendants admit that on July 11, 2019, Mr. Malaer was arrested and taken to the Jackson County Jail ("Jail") by Medford Police;

With regard to the remainder of Paragraphs 28 through 106, to the extent any other legal conclusions or factual allegations are made therein, County Defendants are without information or knowledge sufficient to form a belief and therefore deny the same.

10.

With regard to Paragraphs 107 through 145, County Defendants admit that:

Jackson County initiated an internal affairs investigation into conduct of Deputy Kolkemo, and this investigation was conducted by a former Medford Police officer;

Sheriff Sickler contacted the Oregon State Police and requested a criminal investigation into Deputy Kolkemo based on Deputy Kolkemo's conduct toward Mr. Malaer in the Jail;

Jackson County employees provided relevant information and documents to Oregon State Police Sergeant Jeff Proulx to aid in his criminal investigation of Deputy Kolkemo's conduct;

Deputy Kolkemo told investigators that he physically contacted Plaintiff in the face on two occasions in the Jail;

Deputy Chad Miller currently serves on the Medford City Council;

Deputy Kolkemo did not complete a use of force report regarding his physical contact with Plaintiff in the Jail;

The Jackson County District Attorney's Office referred Sergeant Proulx's criminal investigation to the Klamath County District Attorney's Office, for its independent review and prosecutorial decisions relating to Brian Kolkemo; and

Plaintiff filed the instant lawsuit in January 2020.

With regard to the remainder of Paragraphs 107 through 145, to the extent any legal conclusions or factual allegations are made therein, County Defendants are without information or knowledge sufficient to form a belief and therefore deny the same.

11.

**COUNTY DEFENDANTS' RESPONSE TO CLAIMS FOR RELIEF**

12.

With Regard to Plaintiff's First Claim for Relief, Paragraphs 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, and 159 County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, to the extent

Page 5 – COUNTY DEFENDANTS' AMENDED ANSWER TO SECOND AMENDED COMPLAINT

legal conclusions or factual allegations are made therein, County Defendants deny the same.

13.

With regard to Plaintiff's Second Claim for Relief, Paragraphs 160, 161, 162 163, 164, 165, 166, 167, and 168, County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, to the extent legal conclusions or factual allegations are made therein, County Defendants deny the same.

14.

With regard to Plaintiff's Third Claim for Relief, Paragraphs 169, 170, 171, 172, 173, 174, 175, 176, 177, 178 and 179, County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, to the extent legal conclusions or factual allegations are made therein, County Defendants deny the same.

15.

With regard to Plaintiff's Fourth Claim for Relief, Paragraphs 180, 181, 182, 183, 184, 185, 186, 187, 188, and 189, County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, to the extent legal conclusions or factual allegations are made therein, County Defendants deny the same.

16.

With regard to Plaintiff's Fifth Claim for Relief, Paragraphs 190, 191, 192, 193, 194, 195, 196, 197, and 198 County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, to the extent legal conclusions or factual allegations are made therein, County Defendants deny the same.

17.

With regard to Plaintiff's Sixth Claim for Relief, Paragraphs 199, 200, 201, 202, and 203, County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, to the extent legal conclusions or factual allegations are made therein, County Defendants deny the same.

18.

With regard to Plaintiff's Seventh Claim for Relief, Paragraphs 204, 205, 206, 207, 208, 209, 210, and 211, County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, to the extent legal conclusions or factual allegations are made therein, County Defendants deny the same.

19.

**FIRST AFFIRMATIVE DEFENSE**

For further answer and first affirmative defense, to the extent Plaintiff asserts claims against County Defendants under 42 U.S.C. § 1983, the rights of which Plaintiff alleges John Lee Malaer was deprived were not clearly established and/or violated in bad faith, and thus, County Defendants have qualified immunity from damages arising from such claims and with respect to any litigation involving such claims.

20.

**SECOND AFFIRMATIVE DEFENSE**

For further answer and second affirmative defense, County Defendants are entitled to statutory immunity pursuant to ORS 30.265(5) to the extent Plaintiff asserted claims which arise from an act or omission of an officer, employee or agent of Jackson County, when such officer,

employee or agent was immune from liability.

21.

### THIRD AFFIRMATIVE DEFENSE

For further answer and third affirmative defense, County Defendants are entitled to statutory immunity pursuant to ORS 30.265(6) to the extent Plaintiff asserted claims based upon the performance of or the failure to exercise or perform a discretionary function or duty.

22.

### FOURTH AFFIRMATIVE DEFENSE

For further answer and fourth affirmative defense, County Defendants' liability to Plaintiff is limited by ORS 30.260 to 30.300.

23.

### FIFTH AFFIRMATIVE DEFENSE

For further answer and fifth affirmative defense, providing accommodation(s) to Plaintiff would impose an undue hardship on the operation of the Jail.

24.

### SIXTH AFFIRMATIVE DEFENSE

For further answer and sixth affirmative defense, County Defendants allege that any use of force by Brian Kolkemo was justified and reasonable under the circumstances.

25.

### SEVENTH AFFIRMATIVE DEFENSE

For further answer and seventh affirmative defense, Plaintiff has failed to provide an appropriate or timely tort claims notice.

26.

**EIGHTH AFFIRMATIVE DEFENSE**

For further answer and eighth affirmative defense, to the extent Plaintiff's claims are based on the doctrine of respondeat superior, such claims are barred because the doctrine of respondeat superior is not a basis for recovery under 42 U.S.C. § 1983.

27.

**NINTH AFFIRMATIVE DEFENSE**

For further answer and ninth affirmative defense, to the extent Plaintiffs asserted claims against County Defendants under a theory of negligence, Plaintiff was contributorily and comparatively negligent, Plaintiff is not entitled to recovery from County Defendants, and to the extent he is entitled to a recovery from County Defendants that amount is subject to reduction. Any injury suffered by Plaintiff was caused by his own negligence in one or more of the following particulars:

- A.   In failing to follow the instructions of Medford law enforcement officers;
- B.   In resisting arrest by Medford law enforcement officers;
- C.   In failing to follow the instructions of Jail deputies;
- D.   In refusing to participate in the intake process, to include medical screening;
- E.   In his degree of intoxication in public, refusal to comply with ORS 430.399, and disorderly conduct per ORS 166.025(1)(d).

28.

**TENTH AFFIRMATIVE DEFENSE**

For further answer and tenth affirmative defense, Plaintiff's alleged damages, if any,

were caused in whole or in part by the acts and omissions of third parties over whom County Defendants had no control.

29.

**ELEVENTH AFFIRMATIVE DEFENSE**

For further answer and eleventh affirmative defense, any damages suffered by Plaintiff were not the direct and proximate result of County Defendants' actions.

30.

**TWELFTH AFFIRMATIVE DEFENSE**

For further answer and twelfth affirmative defense, as to each claim against each County Defendant, County Defendants allege that Plaintiff has failed to commence this action within the time permitted by law. Plaintiff's claims are therefore barred in whole or in part by the applicable statute of limitations.

31.

**THIRTEENTH AFFIRMATIVE DEFENSE**

For further answer and thirteenth affirmative defense, County Defendants allege Plaintiff's alleged injuries and/or damages are the result of one or more superseding/intervening cause(s).

32.

**FOURTEENTH AFFIRMATIVE DEFENSE**

For further answer and fourteenth affirmative defense, County Defendants allege that Plaintiff's damages, if any, were caused by and contributed to by his failure to mitigate those damages.

33.

County Defendants cannot fully anticipate all the affirmative defenses that may be applicable to this action, and accordingly reserve the right to assert additional affirmative defenses as the discovery and investigation proceeds.

34.

To the extent that any allegations in Plaintiff's Complaint are not addressed above, they are denied.

**WHEREFORE**, having fully answered Plaintiff's Complaint, County Defendants respectfully pray that judgment be entered in their favor and that they receive an award of their costs, disbursements, and attorney's fees incurred herein, and any other remedy the court deems just and proper.

DATED: September 21, 2023.

/ s / Johan Pietila
JOHAN PIETILA, OSB #151373
Pietiljr@jacksoncounty.org
*Attorney for County Defendants*

/ s / Brett Baumann
BRETT BAUMANN, OSB #085947
Baumanba@jacksoncounty.org
*Attorney for County Defendants*

Page 11 – COUNTY DEFENDANTS' AMENDED ANSWER TO SECOND AMENDED COMPLAINT

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2023, the foregoing COUNTY DEFENDANTS' AMENDED ANSWER TO SECOND AMENDED COMPLAINT was served on all parties by electronic means through the Court's Electronic Case File System. Plaintiff's attorneys were also served by first class mail at the following address:

Alicia LeDuc Montgomery
2210 W Main Street, Suite 107 #328
Battle Ground WA, 98604

Michelle R. Burrows
16869 SW 65th Ave. #367
Lake Oswego, Oregon 97035


DATED: September 21, 2023:

    / s / Johan Pietila
Johan Pietila, OSB #151373
(541)774-6160
*Attorney for County Defendants*


    / s / Brett A. Baumann
Brett Baumann, OSB #085947
(541)774-6160
*Attorney for County Defendants*