J. Ashlee Albies, OSB #051846
ashlee@albiesstark.com
Albies, Stark & Guerriero
1500 SW First Ave., Ste. 1000
Portland, OR 97201
Phone: (503) 308.4770
Fax: (503) 427.9292

Lauren Bonds
legal.npap@nlg.org
National Police Accountability Project
1403 Southwest Blvd.
Kansas City, KS 66103

Eliana Machefsky,
fellow.npap@nlg.org
National Police Accountability Project
2111 San Pablo Ave., P.O. Box 2981
Berkely, CA 94702

Keisha James
keisha.npap@nlg.org
National Police Accountability Project
P.O. Box 56386
Washington, D.C. 20040

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| JOHN LEE MALAER,<br><br>   *Plaintiff*,<br><br>v.<br><br>GEOFFREY KIRKPATRICK, an individual; MICHAEL WULFF, an individual; OMAR ESQUEDA, an individual; ASHLEY MCFALL, an individual; CITY OF MEDFORD, a government agency; JACKSON COUNTY, a government agency; NATHAN SICKLER, in his individual and official capacity; and BRIAN KOLKEMO, an individual,<br><br>   *Defendants*. | Case No. 1:20-cv-00049-CL<br><br><br>REPLY OF INTERVENORS IN SUPPORT OF MOTION TO UNSEAL JUDICIAL RECORDS |

PAGE 1   REPLY OF NON-PARTY CIVIL RIGHTS ORGANIZATIONS AMERICAN CIVIL LIBERTIES UNION OF OREGON AND OREGON JUSTICE RESOURCE CENTER IN SUPPORT OF MOTION TO UNSEAL JUDICIAL RECORDS

The American Civil Liberties Union of Oregon and Oregon Justice Resource Center ("Intervenors"), through their undersigned counsel, respectfully submit this Reply in response to the City Defendants' ("the City") opposition to their Motion to unseal judicial records in this case. ECF No. 282.

Even if the City has correctly identified the redacted information in the summary judgment records as personally identifiable information, it still must show good cause to keep the remaining records under seal. The City's argument for keeping any records out of public reach fails under the "good cause" standard. The public has a presumptive right to access and scrutinize records relating to official misconduct even if those records are not related to dispositive issues in the case. The City's proffered arguments in support of keeping these records hidden from the public are insufficient to overcome this fundamental right.

## ARGUMENT

The City bears the burden of overcoming the public's presumptive right to access sealed court documents. *Wood v. Ryan*, 759 F.2d 1076, 1081-82 (9th Cir. 2014); *Press-Enter Co. v. Superior Ct.*, 478 U.S. 1, 8 (1986). With respect to documents associated with the summary judgment briefing, the City must establish a compelling reason to prevent public access. For all other documents, good cause is needed to overcome the public's presumptive right of access. The City failed to meet either standard in its Response.

I.  **To The Extent Information Other than Personally Identifiable Information is Redacted in the Summary Judgment Record, The City Does Not Identify A Compelling Reason to Close Public Access to These Documents.**

The City asserts that the only redactions in the summary judgment record are related to personally identifiable information ("PII"). Respectfully, Intervenors have no way of knowing the substantive content of the redacted information as they do not have access to unredacted copies. To the extent the City's assertions are incorrect, it has made no showing of a compelling interest to oppose Intervenors' motion. Even if the redacted information in the summary judgment record is limited to PII, that does not dispose of Intervenors' motion, which seeks to unseal additional documents beyond those in the summary judgment record.

II. **The City Has Not Identified Good Cause to Keep the Other Documents Under Seal.**

Intervenors are also seeking other records sealed on the docket, including an internal affairs report regarding Medford Police Department's mistreatment of the Plaintiff. ECF Nos. 167-68, 179-85, 196-200. With respect to this internal affairs report, known as the "Kirkpatrick Report," the City baselessly—and somewhat histrionically—argues that unsealing it in this case will eviscerate confidentiality in Section 1983 litigation altogether. This bald contention is insufficient to meet the good cause showing needed to oppose Intervenors' motion. To show good cause, a government defendant must show that "*specific* prejudice or harm will result" from unsealing the records. *Phillips ex. rel. Est. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1076, 1081-2 (9th Cir. 2014) (emphasis added).

Here, the City unpersuasively insists that releasing the Kirkpatrick Report will undermine future investigations into police misconduct. As it argued when opposing the motion to intervene, the City claims that disclosure would "discourage IA investigators from providing a

PAGE 3  REPLY OF NON-PARTY CIVIL RIGHTS ORGANIZATIONS AMERICAN CIVIL LIBERTIES UNION OF OREGON AND OREGON JUSTICE RESOURCE CENTER IN SUPPORT OF MOTION TO UNSEAL JUDICIAL RECORDS

thorough self-critical analysis of officers' actions, and would provide chilling effect on officers and witnesses who cooperate with an IA investigation, knowing that any candid statement they make during an IA process would be publicly released as part of any civil case." ECF No. 282. In support of this argument, the City claims that there are "numerous cases" where the Court has held internal affairs reports should remain confidential. *Id*. Rather than citing to these "numerous cases," the City identifies a single case from the Southern District of California, *Estate of Bui v. City of Westminster Police Dept.*, which expressly rejects its argument that disclosure of internal affairs reports would undermine the efficacy of internal affairs investigations and chill candor. 244 F.R.D.591, 596-7 (S.D.Ca. 2007). In *Estate of Bui*, the court found that the police department provided "no empirical evidence that disclosure in civil proceedings chills officer candor in the context of an internal affairs investigation" and reasoned,

> "it is unlikely that permitting discovery of the WPD's IA report…would have a 'chilling effect' on officer candor in the context of police department internal affairs investigations . . . Police officers are likely answering questions posed to them in such investigations because failure to do so would risk losing their job."

*Id. Estate of Bui* reaches the same conclusion as courts across the country that have considered and rejected the argument that the City attempts to advance here. Disclosure of internal affairs reports do not undermine the efficacy of internal affairs processes. *See Kelly v. San Jose*, 114 F.R.D. 653, 665 (N.D. Cal. 1987) (noting there is a "real possibility that officers working in closed systems will feel less pressure to be honest than officers who know that they may be forced to defend what they say and report"); *Welsch v. City and County of San Francisco*, 887 F. Supp. 1293, 1300-01 (N.D. Cal. 1995) ("disclosure of the records in question will not have an impermissibly adverse effect on citizen complaints"); *McGee v. City of Chicago*, 2005 U.S. Dist. LEXIS 30925, at *13 (N.D. Ill. June 23, 2005) ("the effectiveness of the [police

department's] internal investigations is strengthened by public review of [Compliant Register] files produced in civil rights litigations"); *Mercy v. Suffolk County*, 93 F.R.D. 520, 522 (E.D.N.Y. 1982) ("If defendants are saying that police officers are more likely to be untruthful if they know potential plaintiffs might receive their reports than they ordinarily are when they are faced with possible departmental disciplinary action, the court does not accept their argument."); *Wood v. Breier*, 54 F.R.D. 7, 12-13 (E.D. Wis. 1972); *King v. Conde*, 121 F.R.D. 180, 193 (E.D.N.Y. 1988) ("[I]f the fear of disclosure in civil rights lawsuits does have some real effect on officers' candor, the stronger working hypothesis is that fear of disclosure is more likely to increase candor than to chill it."); *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997) ("[T]his [c]ourt agrees with its distinguished colleague in New York, . . . that the threat of future disclosure of this type of information in civil rights litigation is probably not of great import to the officers at the time they file their reports.") (internal citation omitted).

### III. The Fact that Sealed Documents Are Not Direct Evidence of Pending Claims Does Not Advance the City's Good Cause Arguments.

Unable to meet the good cause standard, the City attempts to minimize the public importance of the internal affairs complaint by arguing that the police misconduct at issue in the Kirkpatrick Report is no longer at issue in the litigation and making technical distinctions between all the other instances of MPD's abuse and the abuse investigated in the Kirkpatrick Report. The City does not cite—and Intervenors are not aware of—any case that diminishes the public's right to access court records because the documents sought are not direct evidence of a substantive claim. Similarly, the fact that a record is not directly supportive of a pending claim has no relevance to the good cause analysis. This may bear on whether a compelling reason or good cause standard applies but nothing more.

PAGE 5  REPLY OF NON-PARTY CIVIL RIGHTS ORGANIZATIONS AMERICAN CIVIL LIBERTIES UNION OF OREGON AND OREGON JUSTICE RESOURCE CENTER IN SUPPORT OF MOTION TO UNSEAL JUDICIAL RECORDS

## CONCLUSION

For the foregoing reasons, the American Civil Liberties Union of Oregon and Oregon Justice Resource Center respectfully ask this Court to grant their motion to unseal the judicial records in this case.

DATED this 10th day of January 2024.

/s/ Lauren Bonds_____
Lauren Bonds
legal.npap@nlg.org
National Police Accountability Project
1403 Southwest Blvd.
Kansas City, KS 66103

Keisha James,
keisha.npap@nlg.org
National Police Accountability Project
P.O. Box 56386
Washington, D.C. 20040

Eliana Machefsky, (*pro hac vice motion forthcoming*)
fellow.npap@nlg.org
National Police Accountability Project
2111 San Pablo Ave., P.O. Box 2981
Berkely, CA 94702

J. Ashlee Albies, OSB #051846
ashlee@albiesstark.com
Albies, Stark & Guerriero
1 SW Columbia Street, Ste. 1850
Portland, OR 97204
Phone: (503) 308.4770
Fax: (503) 427.9292

Attorneys for Intervenors ACLU of Oregon and OJRC