IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOHN LEE MALAER, | Case No. 1:20-cv-00049-CL |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| GEOFFREY KIRKPATRICK, an individual; MICHAEL WULFF, an individual; OMAR ESQUEDA, an individual; CITY OF MEDFORD, a government agency; JACKSON COUNTY, a government agency; NATHAN SICKLER, in his individual and official capacity; and BRIAN KOLKEMO, an individual, | |
| Defendants. | |

CLARKE, Magistrate Judge.

This is a civil rights case arising out of Plaintiff's encounter with law enforcement on July 11, 2019. Full consent to magistrate jurisdiction was entered on August 16, 2021 (#56). Plaintiff's case against the City Defendants was severed from the case against the County Defendants on July 14, 2021 (#52). The case comes before the Court on a motion by non-party Intervenors who are civil rights organizations, American Civil Liberties Union of Oregon ("ACLU-OR") and the Oregon Justice Resource Center ("OJRC") (collectively, "Civil Rights Intervenors"), seeking to unseal judicial records used in this case. Specifically, Civil Rights Intervenors seek to unseal the "Kirkpatrick Report," also known as "the IA Narrative Report" or the "Kirkpatrick IA Report."

Page 1 – Opinion and Order

In the Ninth Circuit, we start with a strong presumption in favor of access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)). However, "when a party attaches a sealed discovery document to a non-dispositive motion, the usual presumption of the public's right of access is rebutted." *Id.* (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

The Kirkpatrick IA Report has been at issue several times during the discovery phase of this case, but it has not been attached to any filings in the Court record. In November 2022 the Court reviewed the report *in camera*, and then denied Plaintiff's motion to compel discovery of the report on December 2, 2022 (ECF #159). The Court later granted a Motion to Quash (#169), allowing the City to assert an official information privilege over the report on February 24, 2023. The Court reconsidered this ruling on April 13, 2023, when the Plaintiff obtained the report via third party discovery. The Court denied the City of Medford's motion for destruction of the record and ultimately determined that the report is not subject to the privilege. Plaintiff was allowed to retain the document subject to a protective order, under the designation "For Attorney Eyes Only." (#206).

On November 9, 2023, the Court entered an Opinion and Order (#273) granting in part and denying in part the City's motion for summary judgment. The Court found that City police officers had probable cause to arrest Plaintiff John Malaer on the date in question. The Kirkpatrick IA Report was not submitted as part of the summary judgment record, nor was it relied upon to determine the City's liability.

The Court has already found that good cause exists to maintain the confidentiality of the Kirkpatrick IA Report. *See* Orders (## 159, 169, 206). Moreover, it does not actually exist, even

under seal, as part of the record in this case. It has been the subject of in-camera review, and the parties have each seen or possessed it, but it has not been attached to any Court filing. There is simply nothing on the docket to "unseal." Therefore, the presumption for access to court records cannot apply, and even if it did, it is rebutted by the circumstances, as identified in *Phillips* above.

The Civil Rights Intervenors do not identify with specificity any other sealed records that they believe should be unsealed. Several of the filings on the docket were sealed at the request of the Plaintiff due to containing personal identifying information including they type of information covered by FRCP 5.2(a), (a)(1), and (a)(2). Defendants did not oppose this request, and Plaintiff filed redacted versions of the same records at a later date. Moreover, many of the exhibits and video footage submitted to the Court attached to the summary judgment motions contain sensitive material, such as video footage of Plaintiff naked on the floor of the jail cell. The Court assumes that these are not the records that the Civil Rights Intervenors seek to unseal, but without more specificity, the Court cannot properly evaluate the request.

## ORDER

For the reasons above, the Civil Rights Intervenor's Motion to Unseal Court Records (#281) is DENIED.

IT IS SO ORDERED and DATED this 18 day of July, 2024.

MARK D. CLARKE
United States Magistrate Judge