IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOHN LEE MALAER,<br><br>        Plaintiffs,<br><br>    v.<br><br>GEOFFREY KIRKPATRICK, an individual; MICHAEL WELFF, an individual; OMAR ESQUEDA, an individual; ASHLEY MCFALL, an individual; CITY OF MEDFORD, a government agency; JACKSON COUNTY, a government agency; NATHAN SICKLER, in his individual and official capacity; and BRIAN KOLKEMO, an individual,<br><br>        Defendants. | Civ. No. 1:20-cv-00049-CL<br><br>OPINION & ORDER |

MCSHANE, Judge:

      Magistrate Judge Mark D. Clarke filed a Findings and Recommendation (ECF No. 298), and the matter is now before this Court on Defendants' objections. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). I review *de novo*. *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1998). I find no error and conclude the report is correct.

      Defendants Jackson County, Sheriff Nathan Sickler, and Deputy Brian Kolkemo object to Judge Clarke's Findings and Recommendation on three grounds. Defs.' Obj., ECF No. 300.

      First, Defendants object to "Judge Clarke's recommendation that Plaintiff's claims in the Second Amended Complaint 'related back' to a liberal construction of Plaintiff's pleadings" and argue that Plaintiff's claims should be barred by the statute of limitations. *Id.* at 2. Judge Clarke

noted that he already determined in a prior ruling that Plaintiff was allowed to assert his claims over Defendants' objections based on the statute of limitations. F. & R. 11. In the prior ruling, Judge Clarke determined that both the doctrine of equitable tolling and the requirements of Federal Rule of Civil Procedure 15(a) and (c) allowed Plaintiff to amend his complaint, regardless of the statute of limitations. *See* Op. & Order, ECF No. 141. This Court agrees there is "no reason to reconsider these determinations or change the outcome of the prior ruling." F. & R. 11.

Next, Defendants object to "Judge Clarke's recommendation that Plaintiff's notice to County Defendants was sufficient to satisfy the Oregon Tort Claims Act" (OCTA). Defs.' Obj. 2–3. OCTA notice requirements may be satisfied when actual notice is provided to a person who "engages in investigation, negotiation, adjustment or defense of [OCTA] claims . . . or in supervising any of those activities." OR. REV. STAT. § 30.275. As Judge Clarke put it, "[t]he County Sheriff . . . certainly engages in supervising [the investigation or negotiation of claims] on behalf of the Jackson County Sheriff's Office." F. & R. 20.

Under the OCTA, a defendant receives actual notice "when (1) a communication informs the defendant of the time, place, and circumstances of the incident that gave rise to the claim that the plaintiff ultimately asserts and (2) the communication would lead a reasonable person to conclude that the plaintiff intents to assert a claim." *Id.* (citing *Heng-Nguyen v. Tigard-Tualatin Sch. Dist. 23J*, 275 Or. App. 724, 729 (2015)). Here, Plaintiff provided "written notice to the Medford City Manager on July 27, 2019" of his intent to sue the city and the jail. *Id.* Plaintiff "submits evidence that this message must have been received by the Jackson County Sheriff" because of messages Sheriff Sickler subsequently sent to other individuals. *Id.* Among other communications, Sheriff Sickler sent a message to Lt. Jess Elzy on July 30, 2019, in which he

"gave Plaintiff's name and address, the date of the incident, and the name of Deputy Kolkemo, and . . . stated that, 'The incident involves a Use of Force and occurred while the deputy was on duty and acting in his capacity as a Sheriff's Deputy.'" *Id.* (quoting Pl.'s Mot. Summ. J. Ex. 12, at 2, ECF No. 259-2). This message is sufficient to show "that Jackson County had actual and timely notice of Plaintiff's claims." *Id*. at 20.

Finally, Defendants object to "Judge Clarke's recommendation that there is a question of fact as to Plaintiff's ADA claims." Defs.' Obj. 3. Defendants argue that "[t]here is nothing in the record to demonstrate" that Plaintiff suffered a "particularized injury" or that "there is a question of fact as to indifference." *Id.* at 13. Plaintiff's allegation that he had "his medical needs ignored and exacerbated, experience[ed] seizures and bladder spasms while naked on the floor of a concrete jail cell, without access to proper clothing, a toilet, or drinking water" is sufficient to show particularized injury. *Id.* at 14. Meanwhile, Plaintiff's allegations "that he requested assistance multiple times, demanding access to his wheelchair," and "that he was forced to drink water from the toilet and urinate onto the concrete floor, which he was forced to drag himself around upon, naked" are sufficient to show a genuine issue of material fact about whether Defendants acted with deliberate indifference. *Id.* at 13.

Magistrate Judge Clarke's Findings and Recommendation (ECF No. 298) is adopted in full. Defendants' Motion for Summary Judgment (ECF No. 253) is GRANTED in part and DENIED in part. Plaintiff's partial Motion for Summary Judgment (ECF No. 255) is DENIED. Plaintiff's Motion for Judicial Notice (ECF No. 256) is DENIED.

The parties are granted 30 days to consider whether to consent to trial before Magistrate Judge Clarke. In the absence of full consent, the case will be reassigned to Judge McShane and set for trial.

IT IS SO ORDERED.

       DATED this 18th day of September, 2024.

                                                                                                                   _____/s/ Michael J. McShane_____
                                                                                                                           Michael McShane
                                                                                 United States District Judge